31489, 31490. LEDFORD v. THE STATE (two cases).

NICHOLS, Chief Justice.

Charles Terrell Ledford and Johnny Ray Ledford were jointly indicted for the offenses of armed robbery and aggravated assault. The defendants were jointly tried and found guilty of both offenses. Their appeals are from such convictions.

The evidence discloses that Johnny Ray Ledford and Charles Terrell Ledford, together with others, were on the square in Gainesville, Hall County, Georgia on the night in question and were drinking. The victim, a black, was walking on the sidewalk toward the Veteran's Cab Company office when someone in the group shouted: "There's a nigger," or words to that effect. At that time Johnny Ray Ledford and possibly others shouted: "Get him." Charles Terrell Ledford then approached the victim and stabbed him in the side. The victim struggled with Charles Terrell Ledford, and then others in the group

attacked and held the victim while Charles Terrell Ledford slashed the victim's face and cut the external maxillary artery resulting in the victim's losing a tremendous amount of blood and losing consciousness shortly after he was able to stumble into the Veteran's Cab Company office. The victim identified Charles Terrell Ledford as making the original attack and Johnny Ray Ledford as being one of those who joined in such attack later. The victim testified that the money was taken from him after he was stabbed and prior to the time his face was cut and that when he got cut across the face, Charles Terrell Ledford said: "I'm going to kill this nigger." Other eyewitness testimony was adduced at the trial.

1. Under the decision of this court in *State v. Estevez,* 232 Ga. 316, 320 (206 SE2d 475) (1974), the trial court did not err in submitting to the jury both the question presented by the armed robbery indictment and by the aggravated assault indictment.

2. The contention of the defendants that the convictions on armed robbery and aggravated assault arising out of the same general conduct could not stand are without merit. Compare *Rowe v. State,* 232 Ga. 700 (208 SE2d 500) (1974); and *Harvey v. State,* 233 Ga. 41 (209 SE2d 587) (1974).

3. The trial court's instruction as to the definition of "aggravated assault" was in accordance with the provisions of Code § 26-1302 and shows no error.

*Judgments affirmed. All the Justices concur.*

Submitted September 3, 1976 — Decided September 28, 1976.

*Robinson, Harben, Armstrong & Millikan, Edmund A. Waller,* for appellant (case no. 31489).

*Brannon, Brannon & Thompson, David A. Fox,* for appellant (case no. 31490).

*Jeff Wayne, District Attorney, Roland H. Stroberg, Assistant District Attorney, Arthur K. Bolton, Attorney General,* for appellee.