## 55903. LOGGINS v. THE STATE.

Shulman, Judge.

Defendant was indicted for murder following his father's death by shooting. This appeal is from the judgment entered on a jury verdict finding him guilty of voluntary manslaughter.

1. Appellant, citing *Warnack v. State,* 3 Ga. App. 590 (2) (60 SE 288), argues that the trial court erred in refusing his timely written request to charge on involuntary manslaughter in accordance with Code Ann. § 26-1103 (b). That section provides as follows: "A person commits involuntary manslaughter in the commission of a lawful act in an unlawful manner when he causes the death of another human being, without any intention to do so, by the commission of a lawful act in an unlawful manner likely to cause death or great bodily harm." It is urged that the "lawful act" in this case was self-defense and that the unlawful manner was the use of excessive force. See, e.g., *Jackson v. State,* 143 Ga. App. 734 (240 SE2d 180).

The evidence shows that, after being beaten by his

father, appellant was ordered to pack up his belongings and to leave the house. Defendant went to his room. He picked up a shotgun. Appellant could have avoided his father and left the house by using the back door. Instead, he chose to leave using the front door and thereby passed where his father was sitting. Appellant did not remember exactly what happened next, but he did remember that the gun discharged when he jumped back to avoid his father's kicking. (A statement made by appellant to the police recounted a different set of circumstances and showed that appellant simply shot his father after the beating.)

It is clear from the testimony that any imminent danger justifying self-defense had passed by the time defendant returned to the scene of the altercation. The trial court correctly held that the evidence is insufficient to authorize the requested charge. See, e.g., *Lee v. State,* 118 Ga. App. 859 (165 SE2d 910).

2. In two related enumerations of error, the defendant contends that the trial court committed reversible error in denying his motion for a mistrial and in overruling his objections as to testimony concerning the defendant's threats made to prevent a witness from testifying. These enumerations are controlled adversely to defendant by *Smith v. State,* 142 Ga. App. 1 (4) (234 SE2d 816).

*Judgment affirmed. Bell, C. J., and Birdsong, J., concur.*

SUBMITTED MAY 22, 1978 — DECIDED SEPTEMBER 7, 1978.

*J. H. Affleck, Jr.,* for appellant.
*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.