*Jeff C. Wayne, District Attorney, Roland H. Stroberg, Assistant District Attorney,* for appellee.

## 58034. GRINDLE v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant appeals his conviction for burglary. *Held:*

1. The defendant contends he should have been granted a separate trial from that of his co-defendant (see *Armour v. State,* 151 Ga. App. 254).

Although he made a written motion to sever from another defendant who was not tried with him, no motion was made as regards the co-defendant with whom he was tried jointly. Even if a proper motion had been made, this issue is controlled adversely to defendant's contentions by our ruling in *Armour,* supra.

2. During the course of the cross examination of the co-defendant he stated that the defendant had "just got out." Subsequently, at the close of the co-defendant's testimony, counsel for the defendant moved for a mistrial. The trial judge denied the motion but offered to give corrective instruction which offer was expressly declined by the defendant's attorney.

Later on cross examination of a witness for the co-defendant the following transpired. The witness offered an alibi for the defendants and was being questioned as to why she remembered the time in question, October 26, 1978.

"Q How do you happen to remember that it was October the 26th? A Because it was his birthday. Q What day of the week was it? Do you remember? A No, sir. Q Does Alfred have any brothers or sisters? A Yes, sir, but I don't know how many. Q Do you know of any of their names? A They start, Claudine, Alfred. Q Let's start with Claudine. When is her birthday? A I don't really know. Q Then there is Alfred, and you know Alfred's birthday is when? A The 26th of October. Q Now, who else is there besides Alfred? A There is a crowd of them. Q There is Claudine and Alfred. Name a couple of other

ones in that crowd. A I don't keep up with all their birthdays. He just had got out of prison, is how come they to know."

The defendant moved for a mistrial. The trial judge overruled the motion but instructed the jury that the only issue for consideration was the guilt or innocence of the accused in the case, that the last statement by the witness was inadmissible evidence, should be erased from the jurors' minds, that it was not evidence and should not be considered. The jurors were told to totally disregard the last response.

Counsel asserts error to this court on the ground that defendant's character was improperly placed in evidence.

"A voluntary statement by the witness stands on a different base than answers responsive to matters improperly elicited by the state's attorney." *Pope v. State,* 140 Ga. App. 643, 646 (3) (231 SE2d 549). "Where illegal testimony is volunteered by a witness in answer to the question asked, and where such answer is ruled out, it is ordinarily not an abuse of discretion to refuse to grant a mistrial." *Jones v. State,* 139 Ga. App. 643, 644 (229 SE2d 121). Accord, *Firestone Tire & Rubber Co. v. King,* 145 Ga. App. 840, 843 (3) (244 SE2d 905).

"Where a motion for a mistrial is made on the ground of inadmissible evidence illegally placed before the jury, the corrective measure to be taken by the trial court is largely a matter of discretion, and where proper corrective measures are taken and there is no abuse of discretion, the refusal of the trial court to grant a mistrial is not error." *Hixson v. Barrow,* 142 Ga. App. 65, 68 (234 SE2d 805).

This ground is not meritorious.

3. Complaint is made as to the admission of certain evidence by a witness showing that the defendant attempted to influence the testimony of the witness. We find no error.

"Evidence of an act by an accused, intended to obstruct justice or avoid punishment for the crime for which he or she is on trial, is admissible if the act constitutes an admission by conduct." *Smith v. State,* 142 Ga. App. 1 (4) (234 SE2d 816). Accord, *Loggins v. State,* 147 Ga. App. 122 (2) (248 SE2d 191).

*Judgment affirmed. Smith and Birdsong, JJ.,*

*concur.*

ARGUED JUNE 12, 1979 — DECIDED SEPTEMBER 7, 1979.

*Louis W. Rice, III,* for appellant.
*Jeff C. Wayne, District Attorney, Roland H. Stroberg, Thomas M. Cole, Assistant District Attorneys,* for appellee.