## 58023. RIDEN v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant appealed his conviction for armed robbery and aggravated assault.

Facts pertinent to our consideration of this case may be briefly summarized as follows. On July 3, 1978 a black male entered a convenience store, threatened the operator of the store with a pistol and demanded money. The operator opened the cash register, backed up, and then was shot twice. The robber took money from the cash register and fled. At the time in question the perpetrator was wearing a jersey with the number "50" imprinted thereon as well as the letters "MCHS."

The victim was hospitalized and required surgery. A bullet which was surgically removed was identified, at the trial, by an expert witness as having been fired from a gun given the police by the defendant's mother. At the trial, the victim positively identified the defendant as the one who committed the offenses. Prior to the defendant's

arrest, the manager of the convenience store chain where the victim worked arranged with an individual living in the same house with the defendant to show a photograph of the defendant to the victim. At that time, the victim was "90-95% sure that this was the individual that had robbed the store and shot me . . . The photograph is a little blurred, and that is why I wasn't 100% positive." The photograph was then given to the police who, after giving the defendant his Miranda rights, questioned the defendant in the presence of his mother. The defendant was not detained at that time but was subsequently arrested.

The jersey with the number "50" and the letters "MCHS" was found in the house where defendant lived. It appeared that it was worn by the defendant and by others of the household.

During the trial the defendant endeavored to establish an alibi as of the time of the crime and to show that the individual who procured the photograph which was shown to the victim could have been the actual perpetrator. However, the jury accepted the state's version of the evidence and found the defendant guilty. *Held:*

1. After his arrest, for the crimes charged in the indictment, the defendant was incarcerated in the Clarke County Development Center and then subsequently in the Clarke County jail. During the time the defendant was in the youth center, a letter with defendant's name in the return address of the envelope was given to the director of the center by a member of the staff. The director mailed the letter and subsequently mentioned such fact to the defendant, who appeared to give an affirmative response "like okay." This letter was addressed to the victim and requested that he drop the charges in exchange for being reimbursed for his medical expenses resulting from the wounds he received.

During detention at the Clarke County jail, the officers searched the area where the defendant's bunk was located. At that time 5 notes including three letters or notes offered into evidence, one of which was torn into pieces, were found hidden in the defendant's bunk. The officers searched the cell area because they had

information that contraband was being smuggled into the jail. The letters were read by the officers because as one of the officers stated when the notes were first found one of them was in plain view and contained the words "bring me some dope, a nickel bag." An expert for the state testified that the three letters found in the jail and the letter sent to the victim from the youth center were all written by the same person. However, since no comparison had been made with any other writings of the defendant, he was unable to testify as to whether or not the defendant wrote the letters in question.

Counsel for the defendant filed a motion to suppress the letters, which motion was overruled. At the trial when the state offered them in evidence, objection was also interposed but the trial judge permitted their admission. On appeal we are called upon to determine the admissibility of five related exhibits which may be described as follows.

The state's Exhibit Nos. 5 and 6 consist of the envelope and letter contained therein which was mailed by the Director of the Clarke County Youth Development Center. Exhibit No. 5 was an envelope hand-printed with a return address "Danny M. Riden, Box 612, Bever Dam Rd., Athens, Ga. 30601." It was addressed to "Mr. G. M., 315 Confederal Inns, Athens, Ga. 30601." State Exhibit No. 6 was a letter contained in the envelope which began with the salutation "Dear GM." The letter contained an offer to reveal the name of the person who robbed the store and that such individual would pay the victim's medical expenses if the victim would be willing to drop all charges against him. The letter requested the victim to contact "my mother" and stated "my mother's name is Mary Bell Riden." The letter concluded "Yours truly Danny Riden."

The state's Exhibit Nos. 7, 8 and 9 were papers found while searching defendant's bunk. State's Exhibit No. 7 was hand-lettered and began "Dear Mr. George Matuza [the victim]." The paper contained such statements as "If you testify against Danny you will be kill." The victim was instructed to tell the police that he made a mistake or "I will kill you." It warned "If I hear of you telling the police about this letter look to be killed." It continued "this is what I want you to tell them that you do no know who

rob your store because you were blackout by the gun shots. Tell them you only got a glance at him and you through he look like me. I hope you understand, because if you don't you will be kill! And your wife too."

State's Exhibit No. 8 was hand-lettered and began "Dear Mr. Georga Matuza. The reason I am writing you is to tell you that if you testify against Danny you will be kill." This letter admonished the victim to repudiate his identification of Danny and repeated "I stay in the same build you do. So if you don't do what you told I will kill you and your wife."

State's Exhibit No. 9 was hand-lettered and read as follows "Rob, I want you to mail this letter for me and don't put no return address on it alright. The address to mail it to is George Matuza 315 Confederate Inn Athens, Ga 30601. Send it off soon as possible, don't tell no one about this."

(a) "Evidence of an act by an accused, intended to obstruct justice or avoid punishment for the crime for which he or she is on trial, is admissible if the act constitutes an admission by conduct." *Smith v. State,* 142 Ga. App. 1 (4) (234 SE2d 816); *Loggins v. State,* 147 Ga. App. 122 (2) (248 SE2d 191). The letters, alleged to be defendant's writing, would therefore be admissible provided they were proved to be genuine, by direct or circumstantial evidence. There was no direct testimony that the letters were written by the defendant. However, the totality of circumstances and evidence introduced were more than sufficient to connect them to the defendant and warrant their admission.

Although the witness for the state was unable to testify as to who gave him the letter to mail there was expert testimony that the letter mailed from the youth center was written by the same person who wrote these messages found in the defendant's bunk in the Clarke County jail. State's Exhibit No. 7 which was unsigned contained a statement "Tell them you only got a glance at him and you through [thought] he look like me." This is a further showing from which the jury might conclude that the letter was written by the defendant since the victim had identified the defendant. This statement contained in the letter tends to contradict the tone of the letter which

sought to give an impression it was written by someone on the defendant's behalf and not by the defendant himself. The objection that the letters were inadmissible because they were not properly authenticated or identified is not meritorious. *Gunter v. State,* 243 Ga. 651, 656 (4) (256 SE2d 341) and cits. The trial judge properly admitted the letters for the jury's consideration and determination.

(b) The defendant urges that the court unlawfully commented upon the evidence by stating that no direct evidence had been introduced to establish the authenticity of the letters alleged to be written by the defendant and there had been no opinion evidence in that regard. This was an accurate statement at the time it was made. Since the burden was on the state to establish that the letters were authored by the defendant the comments could not have been harmful to the defendant. *Rauch v. Shanahan,* 125 Ga. App. 782, 785 (189 SE2d 111). Accord, *Roberts v. McClellan,* 80 Ga. App. 199 (4) (55 SE2d 736).

(c) Another statement by the trial judge was not objected to on the grounds urged before this court and is thus not ground for reversal.

2. It is urged that the search which produced the letters in question violated the defendant's "reasonable expectation of privacy." We find no merit in this assertion.

The U. S. Supreme Court recently considered practices in a short term custodial facility designed to house pretrial detainees. Bell v. Wolfish, — U. S. — (25 CrL. 3053, 3063). It was there held: "No one can rationally doubt that room searches represent an appropriate security measure and neither the District Court nor the Court of Appeals prohibited such searches. And even the most zealous advocate of prisioner's rights would not suggest that a warrant is required to conduct such a search. Detainees' drawers and beds and personal items may be searched . . ."

3. After a hearing conducted for the purpose of determining voluntariness, the trial judge did not err in permitting the defendant's statement to be introduced into evidence since the proof authorized a finding that the statement was freely and voluntarily made after the defendant was advised of his Miranda rights. *Barnes v. State,* 135 Ga. App. 190 (3) (217 SE2d 443); *Allen v. State,*

145 Ga. App. 426 (1) (243 SE2d 626).

4. Error is assigned on the failure to quash an in-court identification of the defendant by the victim.

The admission of evidence derived from suggestive identification procedures falls within the scope of the due process protection of the Fourteenth Amendment to the United States Constitution. Stovall v. Denno, 388 U. S. 293, 302 (87 SC 1967, 18 LE2d 1199); Neil v. Biggers, 409 U. S. 188, 196 (93 SC 375, 34 LE2d 401). The Fourteenth Amendment is a prohibition against deprivation of rights by state action, and not by the individual or personal acts of a private citizen. *State v. Young,* 234 Ga. 488, 489 (216 SE2d 586).

An impermissibly suggestive identification procedure conducted by the police (the state) will taint an in-court identification procedure which is not independent of the tainted procedure. Simmons v. United States, 390 U. S. 377, 383 (88 SC 967, 19 LE2d 1247). However, in this case, as counsel for the defendant concedes, the question involves whether there was a sufficient connection between the individual and the police to show prohibited state action.

Here the victim was shown a single photograph of the defendant. However, the individual who provided the picture for identification was not a police officer and the evidence did not establish that the individual was acting in concert or at the request of the police. Hence, there was insufficient nexus to establish "state action" in violation of the defendant's constitutional rights.

5. The evidence was sufficient to sustain the verdict. After a review of the evidence of record we find that a rational trier of fact could have found proof of guilt of the defendant beyond a reasonable doubt.

6. It is contended that a directed verdict for the defendant on the aggravated assault charge was demanded because it factually merged with the offense of armed robbery.

This argument is without merit. *Whitehead v. State,* 144 Ga. App. 836 (3) (242 SE2d 754). See *Rowe v. State,* 232 Ga. 700 (208 SE2d 500); *Harvey v. State,* 233 Ga. 41, 43 (209 SE2d 587); *Ledford v. State,* 237 Ga. 628, 629 (2) (229 SE2d 403); *Jones v. State,* 238 Ga. 51, 52 (230 SE2d

865).

*Judgment affirmed. Smith and Birdsong, JJ., concur.*

Submitted June 12, 1979 — Decided October 9, 1979.

*C. P. Brackett, Jr.,* for appellant.
*Harry N. Gordon, District Attorney, B. Thomas Cook, Assistant District Attorney,* for appellee.