### 58561. PAYNE v. THE STATE.

SHULMAN, Judge.

Defendant appeals his conviction of the offense of child molestation. We affirm.

1. In his first enumeration of error, appellant submits that it was error for the court to refuse to grant a continuance. We find no error in the court's ruling.

When a witness for the state volunteered (without solicitation) that appellant had been in the penitentiary, the court declared a mistrial, calling the case again on the following day. At that time, defense counsel moved for a continuance, contending that since the jury that would be newly selected to try the defendant would (as members of the same panel from which the original jury was selected) be aware that defendant had been previously tried,

defendant would be unable to receive a fair trial. Defense counsel argued that the facts of the case might have been discussed (i.e., the reason for the mistrial) or the potential jurors might erroneously assume that defendant was charged with two crimes. The court overruled defendant's motion for a continuance, holding, in effect, that it was premature in that there was no evidence from which to conclude that a fair and impartial jury could not be selected.

After the swearing of the jury panel, all those jurors who acknowledged they were aware of the reason for defendant's mistrial were then dismissed. The remainder of the jury panel was instructed that although a jury had been previously selected to try the defendant, the trial could not be completed because of strictly legal reasons.

On voir dire, some of the members of the jury panel testified that although they had heard from others serving jury duty that a mistrial had been declared, none testified that they had heard the reasons for the mistrial.

Defense counsel again moved for a continuance, submitting that since it was apparent that the case had been discussed, despite the court's directions to the jury not to discuss the case (even though only in reference to the fact of a mistrial), a continuance was necessary to secure defendant's right to a fair trial. The court disagreed, holding that defendant's right to a fair trial would not be prejudiced by the selection of a jury from the present jury panel. We agree with the trial court's ruling.

In view of the fact that none of the 42 jurors from whom the jury was chosen had heard the reason for the mistrial, and in view of the fact that the court instructed the members of the panel that the reason for the mistrial was strictly legal (having nothing to do with the guilt or innocence of the defendant), the court was authorized to find that defendant's right to a fair trial would not be denied in the absence of a continuance. See *Rucker v. State,* 135 Ga. App. 468, 471 (218 SE2d 146). "The trial transcript reflects that appellant received all to which he was entitled: a fair and impartial jury of 12 selected from a full panel following full participation in an extended voir dire involving the full use of peremptory challenges allowed by the statute. Appellant could demand no more."

Id. Thus, we find no abuse of discretion in the denial of defendant's motion for continuance. See, e.g., *Dutton v. State,* 228 Ga. 850 (2) (188 SE2d 794).

2. Defendant complains of the admission of testimony from the prosecutrix' mother, who testified that her daughter informed her that defendant had been molesting her for several months prior to the incident in question. Appellant submits that such testimony is inadmissible hearsay and impermissibly placed defendant's character in evidence. We must take issue with appellant's contentions of error.

Even assuming the witness' testimony was hearsay, since the prosecutrix herself testified to the same facts, any error in the admission of the testimony was harmless. "The rule is that proof of the same facts by legally admissible evidence renders harmless the admission of incompetent or inadmissible evidence." *Luke v. State,* 131 Ga. App. 799 (4b) (207 SE2d 213), revd. on other grounds, 232 Ga. 815 (209 SE2d 165).

Nor did the testimony regarding similar sexual attacks on the prosecutrix impermissibly place the defendant's character in issue. Since evidence relating to defendant's prior abuse of the prosecutrix went to "show the intent, motive, plan, scheme and bent of mind of the appellant," it was relevant and admissible. See *Hunt v. State,* 233 Ga. 329, 331 (211 SE2d 288).

3. The defendant contends that the trial court erred in overruling objections and motions for mistrial as to testimony concerning the defendant's purported threats and actions against a state witness, made in an alleged attempt to prevent or influence the witness' testimony. We find no error in the admission of such testimony.

"Evidence of an act by an accused, intended to obstruct justice or avoid punishment for the crime for which he or she is on trial, is admissible if the act constitutes an admission by conduct. [Cits.]" *Smith v. State,* 142 Ga. App. 1 (4) (234 SE2d 816). The testimony was therefore admissible.

Despite appellant's contentions to the contrary, the record shows that the jury was adequately informed of the limited purpose for which such testimony was admitted. See generally *Bell v. State,* 141 Ga. App. 277 (2) (233 SE2d

253).

4. The defendant enumerates as error the rulings of the trial court in denying his motion for new trial premised upon an improper question propounded by the state's attorney.

The objected to question was never answered. The court declared the question "obviously an improper question" and admonished counsel, instructing the jury to completely disregard it.

In view of the corrective actions taken by the court, we find no error in the court's denial of a mistrial. "The extent of a rebuke and instruction is within the discretion of the court, and when, as here, the improper [question or] remark is cured by timely corrective action calculated to preserve the defendant's right to a fair trial, then we cannot say that the court abused its discretion in refusing to grant a mistrial. [Cits.]" *Benefield v. State,* 140 Ga. App. 727 (3) (232 SE2d 89).

*Judgment affirmed. Deen, C. J., and Carley, J., concur.*

SUBMITTED SEPTEMBER 6, 1979 — DECIDED NOVEMBER 21, 1979.

*Fay R. Loggins,* for appellant.
*Jeff C. Wayne, District Attorney, Roland H. Stroberg, Assistant District Attorney,* for appellee.