## 62128. CONNER v. THE STATE.

CARLEY, Judge.

Appellant appeals from his conviction of theft by receiving stolen property.

1. It was not error to disallow a question on voir dire which was apparently calculated to elicit answers from prospective jurors that they would never yield to the argument or reasoning of their fellow jurors. See *Gale v. State,* 138 Ga. App. 261 (226 SE2d 264) (1976).

2. Conversations between appellant and his accomplice, who had secretly become an informant for the state and who was wearing a hidden electronic surveillance monitoring device, were taped. Appellant moved to suppress the introduction of these tapes into evidence at his trial. This motion was denied. It was not error to deny appellant's motion which asserted that he had a "reasonable expectation of privacy" to the conversations. *State v. Birge,* 240 Ga. 501 (241 SE2d 213) (1978); *Drake v. State,* 245 Ga. 798, 800 (2) (267 SE2d 237) (1980). Nor was there any error in the introduction of the tapes into evidence over appellant's objection that they contained references to "other crimes." *Drake v. State,* 245 Ga. 798, 801 (3), supra.

3. Appellant asserts that there was a non-compliance by the state with his "Motion to Reveal Agreement." Through this motion appellant sought to discover "any agreement entered into between the District Attorney, the office of the District Attorney or any other law enforcement agency and any prosecution witness or witnesses, co-defendant or accomplice that could conceivably influence said person's testimony." The record demonstrates that the motion was in fact granted and that appellant's defense counsel was informed of "the total agreement between the District Attorney's office and the witness and co-defendant. . ." The jury was likewise informed of this agreement. Despite appellant's assertions to the contrary, the record demonstrates a full compliance with his motion. *Rini v. State,* 236 Ga. 715, 717 (4) (225 SE2d 234) (1976).

Appellant's further contention that he was erroneously denied the opportunity to cross-examine witnesses concerning "any understanding or agreement as to further prosecution or sentence

recommendations, interest, background or bias, which would be relevant to such witnesses' . . . credibility" is without merit. The record demonstrates that defense counsel was, in each instance, apparently attempting to launch an impermissible attack on the witness' credibility rather than to conduct a thorough and sifting examination of relevant facts. See generally *Rewis v. State,* 109 Ga. App. 83 (134 SE2d 875) (1964). We find no abuse of the trial court's discretion in controlling the scope and manner of cross-examination in the instant case. *Morris v. State,* 150 Ga. App. 94 (256 SE2d 674) (1979).

4. Appellant enumerates as error the admission of testimony concerning his alleged procurement of a "hitman." The testimony was to the effect that appellant wished to arrange for the killing of his accomplice and co-indictee who planned to testify against appellant at trial. We find no error in the admission of this evidence in the instant case. "Evidence of an act by an accused, intended to obstruct justice or avoid punishment for the crime for which he or she is on trial, is admissible if the act constitutes an admission by conduct." *Smith v. State,* 142 Ga. App. 1, 3 (4) (234 SE2d 816) (1977). " ' "Any statement or conduct of a person, indicating a consciousness of guilt, where such person is, at the time or thereafter, charged with or suspected of crime, is admissible against him upon his trial for committing it." ' [Cits.]" *Moon v. State,* 154 Ga. App. 312, 315-316 (268 SE2d 366) (1980). The jury in the instant case was instructed as to the limited purpose for which the evidence concerning the "hitman" was admitted. *Payne v. State,* 152 Ga. App. 471, 473 (3) (263 SE2d 251) (1979).

5. Error is enumerated upon the trial court's refusal to give certain of appellant's requests to charge. Appellant first urges that it was error to refuse his request to charge on good character as a defense. See *Loomis v. State,* 78 Ga. App. 336, 358 (9) (51 SE2d 33) (1948). "A charge on good character is only required when direct examination relates to general reputation, good or bad. [Cit.]" *Cherry v. State,* 148 Ga. App. 655, 656 (252 SE2d 180) (1979). Contrary to appellant's assertions on appeal, the evidence which he contends put his good character into issue was insufficient to meet this "general reputation" standard. The most that can be said for appellant's evidence of his "good character" was that it merely identified and described him to be "an average, nice person." *Aldridge v. State,* 247 Ga. 142, 145 (274 SE2d 525) (1981). We find no error in refusing appellant's request to charge in this regard. *Jones v. State,* 156 Ga. App. 56, 58 (2) (274 SE2d 99) (1980).

Instructions on circumstantial evidence and on intent to commit a theft were given in almost the exact language of appellant's

requested charges on these principles. Obviously, there was no error in refusing these requests. See generally *Pollard v. State,* 236 Ga. 587, 589 (3) (224 SE2d 420) (1976).

We find no error for any reason urged on appeal in the trial court's refusal to give any other of appellant's requests to charge.

6. Error is enumerated on the trial court's failure to give certain charges without request. The trial court did in fact charge on appellant's affirmative defense of claim of right. See Code Ann. § 26-1810. However, appellant made no request for a separate instruction on the principle that the burden of disproving this defense beyond a reasonable doubt was on the state. On appeal, appellant urges that it was error for the trial court to fail to give such a "burden of proof" instruction. We find no error in the charge for this reason. *McDonald v. State,* 156 Ga. App. 143, 149 (6) (273 SE2d 881) (1980).

Appellant further urges that it was error to fail to charge, without request, on the defense of mistake of fact. " '[T]hough present law exempts the defendant in a criminal case from the strict requirements imposed on litigants in civil cases to preserve an issue on the giving or the failure to give instructions to the jury (Ga. L. [1968], pp. 1072, 1078; Code Ann. § 70-207) this does not relieve him from the necessity of requesting instructions except in those circumstances where the omission is clearly harmful and erroneous as a matter of law in that it fails to provide the jury with the proper guidelines for determining guilt or innocence. [Cits.] . . . ' [Cit.]" *Ivie v. State,* 151 Ga. App. 496, 500 (5) (260 SE2d 543) (1979). Where mistake of fact is the *sole* defense, the failure to charge on that principle even absent a request is "clearly harmful and erroneous as a matter of law." See generally *Glaze v. State,* 2 Ga. App. 704 (58 SE 1126) (1907). Appellant does not refer us to that evidence adduced at trial which he now contends raised the defense of mistake of fact. Appellant does intimate however that the defense of mistake of fact asserted now for the first time is no more than a restatement of the affirmative defense of claim of right. On appeal appellant essentially asserts that his actions, while the result of a mistake of fact, were "justified" under a claim of right. As discussed above, appellant's defense of claim of right was submitted to the jury under full and appropriate instructions. We find no deficiency in the charge on appellant's asserted defense as given. See *Lavender v. State,* 234 Ga. 608 (216 SE2d 855) (1975). Accordingly, we find meritless appellant's argument that the failure to charge without request on the defense of mistake of fact was reversible error.

7. Appellant enumerates as error the overruling of his objections to two allegedly improper remarks made by the district

attorney in closing argument. As to the first remark, it is clear that appellant's objection was properly overruled. The transcript demonstrates that this "improper remark" was merely "a comment on the appellant's failure to produce evidence, not a prohibited comment on the appellant's failure to testify. [Cits.]" *White v. State,* 242 Ga. 21, 22 (5) (247 SE2d 759) (1978). The district attorney was authorized to "draw inferences from the non-production of witnesses in his argument. . . [Cit.]" *Montgomery v. State,* 140 Ga. App. 286, 287-288 (231 SE2d 108) (1976).

The second remark appears on an initial isolated reading to present a closer question of impropriety. However, when the remark is read in the entire relevant context of the argument, it becomes apparent that the remark was not "a statement of prejudicial matters not in evidence." Instead, it was a permissible though poorly phrased comment on the question of appellant's veracity, an issue which was raised by the evidence in the case. "That appellant may not have told the truth was a permissible inference from the evidence. If the jury believed the state's witnesses, they could disbelieve the defendant's testimony. Such an inference could be drawn from the evidence . . . [Cits.]" *Ruffin v. State,* 243 Ga. 95, 103 (252 SE2d 472) (1979). "Where the argument is based on evidence, conflicts in evidence, or lack of evidence and deductions, even far-fetched deductions, such argument is proper even if it questions the veracity of the defendant. [Cits.]" *Smith v. State,* 151 Ga. App. 697, 700 (261 SE2d 439) (1979). We find no error.

8. We find no error, under the circumstances existing in the instant case, in the trial court's decision to give an "Allen" charge. See *Thornton v. State,* 145 Ga. App. 793 (245 SE2d 22) (1978).

9. Appellant asserts that the evidence does not support the verdict of guilty. The evidence of appellant's "guilty" knowledge was not insufficient. See *Saunders v. State,* 145 Ga. App. 248 (243 SE2d 668) (1978). Contrary to appellant's assertions, the testimony of his accomplice was sufficiently corroborated. See generally *Daniels v. State,* 234 Ga. 523 (1) (216 SE2d 819) (1975). In this regard, the accomplice's testimony was corroborated in some respects by the investigating officers and in other respects by yet another of appellant's accomplices. "The testimony of one accomplice may be corroborated by the testimony of other accomplices. [Cits.]" *Hackney v. State,* 233 Ga. 416, 419 (211 SE2d 714) (1975). Furthermore, " '[t]he conduct of a defendant before, during the time of, and after the commission of a crime, may be considered by the jury in establishing his intention and his participation, to determine whether or not such intention and conduct were sufficient corroboration of the testimony of an accomplice to sustain a

conviction. This may be done by circumstantial as well as by direct evidence.' [Cit.]" *Smith v. State,* 238 Ga. 640, 642 (235 SE2d 17) (1977). We find that the evidence supports the conviction and that the general grounds are without merit. See *Williams v. State,* 222 Ga. 208, 217 (14) (149 SE2d 449) (1966). After a review of the entire record, we find that a rational trior of fact could reasonably have found from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. Jackson v. Virginia, 403 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED SEPTEMBER 10, 1981 —
REHEARING DENIED OCTOBER 28, 1981 — ■

*Ben B. Phillips, John C. Swearingen, Jr.,* for appellant.
*Arthur E. Mallory III, District Attorney, Marc E. Acree, Assistant District Attorney,* for appellee.

