## 64270. BARNES v. THE STATE.

Deen, Presiding Judge.

Tom Barnes, Jr., appeals from his convictions of burglary and recidivism following the denial of his motion for a new trial.

1. In his opening statement the district attorney stated: "When Detective Bobby Shephard, also of the Athens Police Department arrested the defendant in this case on another charge in October of 1980, he found his watch that I just described lying in plain view." Defense counsel objected claiming that the statement called Barnes' character into question and moved for a mistrial. The motion was denied and counsel requested curative instructions and renewed his motion. The motion was denied and the court refused to give curative instructions holding such evidence would be "an incident of relevant evidence in this case." Counsel then requested that he be permitted to have a continuing objection to facilitate the orderly trial of the case. This request was granted with the district attorney's approval. We find no error.

The arresting officer testified that when he went to appellant's apartment and arrested him on another charge, appellant only had on a pair of trousers and asked permission to finish dressing. The officer accompanied the defendant into his bedroom and noticed a gold watch which resembled one reported stolen during a recent burglary lying in plain view on the night stand. The evidence at trial showed that the watch was taken during the burglary of the victim's house. This evidence was admissible to explain the officer's conduct in going to the defendant's apartment and to explain why the officer

confiscated the watch. *Belcher v. State,* 147 Ga. App. 537 (249 SE2d 369) (1978). Circumstances connected with an arrest are admissible as a part of the res gestae to be weighed by the jury for whatever it is worth. *State v. Luke,* 232 Ga. 815 (209 SE2d 165) (1974); *McClung v. State,* 206 Ga. 421 (57 SE2d 559) (1950).

2. The trial court did not err in allowing into evidence statements made by the defendant during the course of his arrest and before he had been given his Miranda warnings. During the Jackson v. Denno hearing as to the voluntariness of the defendant's statement, the arresting officer testified that while he was in the bedroom he picked up the watch after he noticed it and "I told him that this watch resembled one that the police officers or investigators had been looking for that came out of a prior burglary. It fit the description and I would take it and have it checked with the list of the items that came out of this burglary, and if it wasn't the watch then I would give it back to him . . . What I told him was I was going to take it away because the description fit the one we were looking for. He immediately said then that it belongs to my grandfather. Then I asked him the question: 'What is your grandfather's name?' He said: 'Sam Barnes.' I said where can I find him? He said: 'He is dead.' This was the extent of the questioning about the watch." The court found that the statements were voluntarily given and ruled that they were admissible. Appellant objected because the officers admitted that the defendant was not given his Miranda warnings until after he was placed in the police car.

"Even though the person questioned is being detained, where the questions are directed towards establishing the nature of the situation at hand, rather than towards establishing the guilt of the person questioned, the inquiry is not a custodial interrogation, and is reasonable." *Neal v. State,* 152 Ga. App. 395, 398 (263 SE2d 185) (1979). The questions do not appear to be accusatory, but were asked only to determine if the officer needed to investigate the defendant's possession of the watch. As in *Neal,* the defendant was not a suspect. In any event, even if it were error, it is highly probable that the error did not contribute to the judgment. *Johnson v. State,* 238 Ga. 59 (230 SE2d 869) (1976). He was found with the stolen watch in his possession and his fingerprints were found on a stamp album at the scene of the crime.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

Decided July 13, 1982.

*Donald Wells, Jr., Jack H. Affleck, Jr.,* for appellant.
*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr.,*

*Assistant District Attorney,* for appellee.