## S90A0391. FIELDS v. THE STATE.
(393 SE2d 252)

BELL, Justice.

Sara Richburg Fields appeals her conviction of the malice murder of her husband, Mac A. Richburg. We reverse.[1]

Court, is not reached.

[1] The crime occurred on April 9, 1985. On September 22, 1987, appellant was indicted

1. Considered most favorably to the verdict, the evidence showed appellant persuaded co-defendant Wilton Denison to murder the victim. On April 9, 1985, the victim was fatally shot by Wilton Denison and another co-conspirator, Allen Hall, while the victim was at a hunting club. The assailants fired a number of shots at the victim with a .308 rifle and another gun, although only one shot (from the rifle) struck the victim. We find the evidence sufficient to support the conviction under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).[2]

2. In her fourth enumeration of error Fields argues that the trial court erred by failing to grant her challenge to the array of the grand jury. She contends the fact that four of the six jury commissioners were government employees (county school teacher; county building superintendent; bailiff for superior court; and postal worker) tainted the selection of a fair and impartial jury because, as government workers, the commissioners would be more likely to select potential jurors who were biased in favor of the state. Fields acknowledges that this issue is controlled adversely to her by *Clark v. State*, 255 Ga. 370, 371-374 (2) (338 SE2d 269) (1986), but she asks us to re-examine and overrule *Clark*. We decline to do so, and find that the trial court properly denied Fields' challenge to the array of the grand jury.

3. The fifth enumeration of error is that the trial court erred by denying appellant's motion to quash the indictment under which she was convicted.

We find no error. The original indictment alleged the year in which the murder was committed, but not the day and month. The state later entered a nolle prosequi, and a second indictment was returned by the same grand jury that returned the original indictment.

---

for malice murder by the grand jury of Liberty Superior Court for the term of September 1987. On September 28, 1987, the district attorney filed a notice of intent to seek the death penalty. On January 15, 1988, the district attorney moved to nolle prosequi the indictment, and the trial court granted the motion. On the same day, the grand jury for the September 1987 term returned another indictment, again charging appellant with malice murder. On January 28, 1988, the district attorney again filed a notice of intent to seek the death penalty, but subsequently indicated that he would not seek the death penalty.

On May 23, 1988, a jury returned a guilty verdict, and appellant was sentenced to life imprisonment. Appellant filed a motion for new trial on June 20, 1988. On July 26, 1988, the court reporter certified the trial transcript. Appellant filed an amended motion for new trial on November 3, 1988. The motion was denied on October 27, 1989. On November 15, 1989, appellant filed a notice of appeal, which she amended on December 1, 1989. On December 8, 1989, the clerk of the trial court certified the record. The appeal was docketed in this Court on December 20, 1989, and was orally argued on February 14, 1990.

[2] Wilton Denison was convicted of Richburg's murder, and was sentenced to life imprisonment. We affirmed the judgment in *Denison v. State*, 258 Ga. 690 (373 SE2d 503) (1988). Allen Hall died in 1986, while committing an armed robbery that was not related to this case. After Fields' conviction, another co-conspirator, Wilton Denison's wife, pled guilty to attempt to commit murder.

The second indictment specified the day, month, and year of the murder, and was the indictment under which appellant was convicted.

Appellant contends the second indictment should have been quashed because the prosecution did not present evidence to the grand jury on the occasion the prosecution sought the second indictment. We hold this contention has no merit, as the grand jury was entitled to rely on the evidence it had previously considered in returning the original indictment.[3]

Appellant also contends her motion should have been granted because the manner in which the state entered a nolle prosequi allegedly violated the Unified Appeal Procedure. However, we conclude that the state's subsequent election not to seek the death penalty mooted this issue.

4. Appellant's third enumeration is that the court erred by allowing the state to elicit hearsay testimony from a prosecution witness, Everett Drawdy.

We conclude that the court erred by admitting the testimony. During Drawdy's testimony the prosecutor asked him whether he had received any threats concerning his coming to court and testifying, to which he replied that he had gotten a telephone call from a male he was unable to identify, who had said, "You son-of-a-bitch, if you go down there, it ain't going to be healthy for you." Drawdy's repetition of this threat was admitted over appellant's objection.

Appellee argues that this testimony was admissible to show a threat had been made against Drawdy, but we disagree, as the state's inability to link the threat to appellant prevented the testimony from being relevant to any material issues. See generally *Payne v. State*, 152 Ga. App. 471, 473 (3) (263 SE2d 251) (1979) (threats by defendant against a state witness); *Quaid v. State*, 132 Ga. App. 478, 488-489 (7) (208 SE2d 336) (1974) (threats by co-defendant). Accordingly, we hold that the testimony was inadmissible hearsay, and that the trial court erred by allowing the state to adduce it. We also hold that the error was prejudicial, as the jury might have inferred that the unidentified caller was connected with appellant, and further might have inferred that the threat constituted an admission of guilt by appellant.

5. The ninth enumeration is that the trial court erred by allowing prosecution witness Thomas Cribbs to give hearsay testimony about

---

[3] During the hearing on appellant's motion to quash, the district attorney stated that before the second indictment was returned the grand jury was asked whether it wanted to hear additional sworn testimony or to rehear the testimony it had heard before returning the original indictment, and the grand jury declined the offer. The district attorney further stated that the evidence presented before the original indictment was returned included the day and month on which the murder was alleged to have been committed.

the manner in which a co-conspirator of appellant, Allen Hall, died.

We find the court erred in admitting the testimony. Cribbs, a Hinesville, Georgia, police detective, testified that an investigation he conducted revealed Hall had died in Hinesville. Cribbs further testified, over appellant's hearsay objection, that in 1986 Hall died from a gunshot wound he received during an armed robbery of a Hinesville liquor store by Hall and an accomplice. Cribbs said that during the robbery the accomplice struck a victim with a gun, and the blow caused the gun to discharge accidentally, fatally wounding Hall. On cross-examination, Cribbs testified he had not witnessed the robbery, and that his testimony about how Hall died was based on hearsay.

Because police investigators are bound by the hearsay rule and must testify from their own first-hand knowledge alone, *Jones v. State*, 247 Ga. 268, 272-273 (9) (275 SE2d 67) (1981), we find merit in appellant's contention that Cribbs' testimony concerning how Hall died was inadmissible hearsay. We therefore hold that the trial court erred by admitting the testimony in question. We also hold the error was prejudicial, as the jury could have inferred that appellant kept company with a person of bad character (Hall), and therefore that appellant herself had a bad character.

6. In her seventeenth enumeration of error Fields argues that the court erred in refusing to allow her to question Katie Darlene Denison about three letters she wrote to Wilton Denison when they were contemplating divorce. In the letters Katie threatened Wilton by telling him that, if he did not give her money in the divorce, she would testify against him at his murder trial. The trial court, on the state's objection, refused to allow questioning about the letters, ruling the letters did not have any relevance to Fields' trial.

We disagree with the court's ruling. The state's case against Fields was predicated on its theory that she conspired with Wilton Denison to murder Mac Richburg. Accordingly, the state had to prove that Wilton Denison conspired with Fields and that he killed Richburg pursuant to the conspiracy. Katie Darlene Denison gave testimony for the state that Fields and Wilton Denison conspired to murder Richburg and that Wilton Denison murdered him. As the letters in question demonstrate that Katie Darlene Denison had a motive for linking Wilton Denison to the conspiracy and to the murder itself, and as Wilton Denison's involvement was critical to the state's case against Fields, we conclude the letters were relevant to Fields' trial. The fact that Wilton Denison was not on trial with Fields does not negate the fact that the letters demonstrate Katie had a motive to incriminate Wilton Denison.

For these reasons we conclude the trial court erred in refusing to permit Fields to question Katie Darlene Denison about the letters. Moreover, as Katie Darlene Denison was a key state witness, we hold

the error was prejudicial.

7. After carefully reviewing the record, we cannot conclude the effect of the trial court's errors did not contribute to the jury's verdict, *Johnson v. State*, 238 Ga. 59 (230 SE2d 869) (1976), and we therefore reverse the judgment and remand for a new trial.

8. In her seventh enumeration of error appellant asserts the state withheld exculpatory information from her in violation of *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963), by failing to provide her with a copy of memorandum of a statement Wilton Denison made to GBI Agent Ralph Stone. In her eighteenth enumeration of error appellant alleges another *Brady* violation, arguing the state withheld exculpatory information by failing to furnish her a copy of a videotape the police made of the crime scene.

Pretermitting whether the trial court erred in failing to order disclosure of the memorandum and videotape, we hereby direct that they be made available to appellant on remand.

9. The remaining enumerations of error are mooted by our reversal of the judgment.

*Judgment reversed. All the Justices concur.*

Decided July 12, 1990.

*Calhoun & Assoc., John R. Calhoun, Malcolm MacKenzie III, James C. Metts III*, for appellant.

*Dupont K. Cheney, District Attorney, Michael J. Bowers, Attorney General, Leonora Grant*, for appellee.