## A96A0075. FUNDERBURK v. THE STATE.
(471 SE2d 535)

BEASLEY, Chief Judge.

Funderburk was convicted on charges of driving while under the influence of alcohol to the extent that it was less safe for him to drive, OCGA § 40-6-391 (a) (1), and driving after he was declared a habitual violator and notified that his driver's license had been revoked, OCGA § 40-5-58 (c).

Arcade City Police Officer Miller stopped Funderburk after he made an unsafe turn and forced another vehicle to leave the road. As Miller approached the car, he noted a strong smell of alcohol. Investigation of Funderburk's expired license revealed that he was classified as a habitual violator whose license had been revoked. He failed field sobriety tests and was placed under arrest.

1. Funderburk contends the court improperly allowed the State to introduce hearsay testimony that impugned his character. At the scene, he requested that his neighbor, who was a member of the city council and chair of the police committee, be permitted to come and retrieve the car. Miller called the councilman, who arrived shortly and prevailed upon Miller and his superior to give Funderburk "a deal." No chemical test was administered, although Funderburk had at first agreed to take one, and Funderburk was cited for making an improper left turn. OCGA § 40-6-120 (a) (2). Six months later he was indicted on charges of habitual violator and DUI to the extent that it was less safe for him to drive.

Funderburk moved in limine to exclude as hearsay any testimony concerning the council member's appearance or his conversations at the scene. The court ruled that any such evidence was not relevant to the charge of DUI. It granted the motion but noted that if the failure to give a chemical test became an issue, such testimony would be admissible. After Funderburk stated that he intended to ask Miller if a test was administered, the court specifically warned: "In which case, I'm going to allow the testimony." The court denied Funderburk's request for a continuing objection if the matter came up and stated that the matter should be addressed as needed. The court granted Funderburk's request that the State be required to

approach the bench if it thought "the door had been opened" on the matter.

The State did not address the councilman's appearance or actions during Miller's direct testimony. When Funderburk first asked whether a test had been performed, the State approached the bench and an unrecorded conference was held. On redirect, the State asked Miller about the councilman's request and Miller testified that the reason there was no chemical test was the councilman's intervention. At no time did Funderburk object to this testimony.

Assuming but not deciding that Funderburk sufficiently preserved this issue for appellate review, there was no error. The court's order on the motion in limine was followed, at least in regard to the State's action; the State did not ask about the councilman's appearance on direct examination, and after Funderburk asked whether a chemical test had been administered, the State immediately approached the bench.

Nor was the testimony inadmissible. Funderburk was charged with violating OCGA § 40-6-391 (a) (1), not with subsection (a) (4), driving while having a blood alcohol concentration greater than 0.10 grams. As the court noted, the lack of a chemical test had no relevance until the defense injected the issue. The question became, "why not?" Under OCGA § 24-3-2, conversations occurring in the course of a legal investigation that explain conduct are not hearsay and are admissible as original evidence. Having made the absence of a test relevant, Funderburk cannot assert that testimony explaining Miller's failure to give a chemical test was inadmissible. *Momon v. State*, 249 Ga. 865, 867 (294 SE2d 482) (1982); *Chunn v. State*, 210 Ga. App. 209 (1) (435 SE2d 728) (1993); *Hale v. State*, 214 Ga. App. 899, 901-902 (2) (449 SE2d 520) (1994). He has no right to deliberately create a mistaken inference that the test was not given because his condition did not warrant it.

2. He also contends the State failed to prove that he was notified of his status as a habitual violator, an element of the offense of driving while a habitual violator. This attacks the sufficiency of the evidence to support the conviction under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Scott v. State*, 216 Ga. App. 692, 693 (1) (455 SE2d 609) (1995). The evidence is viewed with all reasonable inferences made, and all issues of weight and credibility resolved, in favor of the verdict. *Jackson v. Virginia*, supra; *Patterson v. State*, 181 Ga. App. 68, 69 (2) (351 SE2d 503) (1986).

The law requires that the Department of Public Safety notify a habitual violator of that status and of the revocation of his driver's license, by certified mail with return receipt requested. OCGA § 40-5-58 (b). Two exhibits were in evidence: 1) a letter of notification; 2) a

certified mail return receipt. The only objection Funderburk raised when these documents were tendered was that the notification indicated the exact nature of his prior offenses, and the court ordered the offenses redacted. He now argues there was no evidence the certified mail receipt corresponded to the letter and it only shows he was sent "an unknown article by an unknown agency on an unknown date."

This new ground is too late. *McBride v. State*, 213 Ga. App. 857, 858 (3) (c) (446 SE2d 193) (1994). Moreover, the certified mail receipt shows not only his signature but his name and address as it appears on the letter, the same license number that appears on the letter, and the same date of preparation that appears on the letter. It, like the letter, was certified by the Department of Public Safety's custodian of records, not by someone at "an unknown agency," and was admissible as primary evidence. OCGA §§ 24-5-20, 24-7-20; *Hunter v. Hardnett*, 199 Ga. App. 443 (1) (405 SE2d 286) (1991). The documents were sufficient to allow a rational trier of fact to find beyond a reasonable doubt that Funderburk had been notified of his status and the revocation of his driver's license.

3. Finally, Funderburk contends the court erred in not charging the jury on relevant portions of OCGA § 40-5-55, but he did not submit a written request to charge or object to the charge after it was given. This enumeration thus presents nothing for review. *Reagin v. State*, 218 Ga. App. 733, 735 (2) (463 SE2d 39) (1995).

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED MAY 15, 1996.

*Whitmer & Law, George H. Law III*, for appellant.
*Timothy G. Madison, District Attorney, Robin R. Riggs, Assistant District Attorney*, for appellee.