## A96A1123. LAROCQUE v. THE STATE.
(479 SE2d 450)

BLACKBURN, Judge.

Jerry Lee Larocque appeals his convictions of rape, false imprisonment, sexual battery, and battery.

1. Larocque contends the trial court erred by allowing the State to introduce testimony regarding purported threats and intimidation which put his character in issue.

Over Larocque's objection, the State was allowed to cross-examine him concerning alleged acts of intimidation and violations of his bond. Larocque's bond required that he stay a certain distance away from the victim's home and place of work.[1] During cross-examination, Larocque denied purchasing a beverage from a Golden

---

[1] Once the State delved into this area, Larocque's attorney objected. At a bench conference, however, the trial judge noted but overruled his objection and stated he was going to allow the question at hand as well as other evidence of "intimidation of a witness." The single objection, therefore, adequately preserved for review the entire line of questioning.

Pantry near the victim's home. However, a State witness testified that Larocque did make a purchase at that location. Larocque also denied going to the victim's place of employment, as to which a State witness testified that he saw Larocque drive by the back of the victim's place of employment. The State maintained, and the trial court agreed, that this evidence was admissible to show Larocque's attempts to intimidate the victim. The State's evidence, however, failed to show any intimidation by Larocque against the victim or any other witness.

"Evidence of an act by an accused, intended to obstruct justice or avoid punishment for the crime for which he or she is on trial, is admissible if the act constitutes an admission by conduct." (Citation and punctuation omitted.) *Riden v. State*, 151 Ga. App. 654, 657 (261 SE2d 409) (1979). Therefore, we have previously held that evidence of a defendant's threats against witnesses are admissible where such threats are properly linked to the defendant. See *Conner v. State*, 160 Ga. App. 202, 203 (286 SE2d 441) (1981) (evidence that defendant hired a "hitman" to kill accomplice and co-indictee who planned to testify against the defendant properly admitted); *Payne v. State*, 152 Ga. App. 471, 473 (263 SE2d 251) (1979) (evidence of defendant's purported threats and actions against State witness admissible); *Riden*, supra (defendant's properly authenticated threatening letters sent to victim admissible); *Grindle v. State*, 151 Ga. App. 255, 256 (259 SE2d 663) (1979) (evidence that defendant attempted to influence testimony of witness admissible); *Smith v. State*, 142 Ga. App. 1, 3-4 (234 SE2d 816) (1977) (defendant's threats to witnesses regarding their testimony admissible).

The present case, however, does *not* involve evidence of threats or threatening conduct. The only evidence presented indicates that Larocque was seen at locations near the victim's residence and place of employment. The victim did not testify that Larocque threatened her. Furthermore, the witnesses who testified that they saw Larocque did not indicate that he exhibited threatening or intimidating behavior. While such evidence might have been admissible in a bond revocation hearing, we find that it has no relevance to the present trial. Furthermore, its potential prejudicial effect on Larocque requires that his convictions be reversed. The jury could have inferred that Larocque's conduct constituted a threat against the victim and was an admission of guilt. See *Fields v. State*, 260 Ga. 331, 333 (393 SE2d 252) (1990) (admission of threatening phone call to witness without evidence connecting calls to the defendant resulted in reversible error).

In *Riden* and similar cases cited supra, it is the evidence of an actual threat communicated to the witness or victim that allows the jury to find an admission by conduct. But as in *Fields*, the State's evi-

dence in this case never connected Larocque to any act which could be considered intimidation of the victim. The mere fact that he may have violated the conditions of his bond does not allow the jury to infer that his goal was to intimidate the victim. To do so allows the jury to engage in rank speculation.

2. The trial court properly excluded evidence of the victim's past sexual relationship with Larocque, including their mutual participation in "rough sex." OCGA § 24-2-3 (a) provides that evidence of the victim's past sexual behavior shall not be admissible. The exception provided in OCGA § 24-2-3 (b) was not applicable to the present case as the trial court properly concluded that Larocque's offer of proof did not support an inference that Larocque "could have reasonably believed that the complaining witness consented to the conduct complained of in the prosecution." OCGA § 24-2-3 (b).

3. Larocque's remaining enumeration of error is rendered moot as it will not recur upon any retrial of this matter.

*Judgment reversed. McMurray, P. J., Birdsong, P. J., Pope, P. J., Johnson and Ruffin, JJ., concur. Beasley, C. J., Andrews and Smith, JJ., dissent.*

BEASLEY, Chief Judge, dissenting.

I respectfully dissent because the admission of the evidence of which defendant complains did not constitute reversible error, as held in Division 1 of the majority.

1. Several witnesses testified they saw defendant near the victim's residence and place of work prior to trial. Not all of this evidence was adequately objected to. When the district attorney first approached the subject of visits to the convenience store at a certain crossroads in Hall County near the victim's residence, during cross-examination of defendant, defendant objected on the ground that it was not relevant to the particular incident for which he was on trial. In a bench conference the court asked the district attorney to connect it up, and the district attorney explained that defendant would get close to the victim's residence just prior to a trial setting, nearly violating his bond condition that he stay away from her. The State's theory was that this was an attempt to intimidate her with respect to the trial. That being a reasonable inference and the very reason it was made a condition of bond (so she would not be intimidated and harassed before trial), the court permitted the questions about the store visits to be asked.

Thus the relevancy objection to evidence of his visits to the nearby store was preserved.

Continuing at the bench conference, defendant asked the court if the State was required to have given defendant advance notice of these incidents, as "similar transactions." The court responded that it

did not think so. Defendant said "all right," but the court liberally construed this as a second ground of objection and overruled it as well as the objection that it was not relevant. Defendant does not raise as enumeration of error the lack of notice ground of objection, nor is it mentioned in the argument in support of enumeration of error "C."

In further cross-examination the defendant denied visiting the store, stating that to have done so could have violated the condition of his bond, as would visiting her work premises at a certain location. He admitted that he had no business in Hall County and said he would be in Hall County only if I-85 traversed it on the route between Lawrenceville and Athens. He agreed that he was not to have any contact with the prosecutrix, his former girl friend, directly or indirectly, and that before this condition was placed on him he had attempted to call her from the jail the day after he was arrested. There was no objection to this nor to the cross-examination regarding his visit to a car rental business diagonally across the intersection from the Home Depot where the victim worked, at another time close to a trial setting. Defendant testified that he was there to rent a car for himself and his brother-in-law and had used his own white Ford Festiva. He admitted that he lived in Lawrenceville and this rental agency was in Stone Mountain.

He also denied slowly driving a white pickup truck on a service road behind a Home Depot at which the victim was working, two days before the car rental incident. He denied even knowing that the victim was at that location. The cross-examination about this was not objected to, nor was there objection to the subsequent testimony from the convenience store clerk and a Home Depot employee who both placed defendant at the locations in close proximity to the victim at the time defendant had denied his presence. The store clerk testified that defendant came to the convenience store five or six times within eleven days, about the same time each day, bought a certain soft drink, and was memorable because he was solemn and never looked her in the eye. The Home Depot employee had worked with defendant and testified that he recognized him out behind the store, driving a white Mazda truck five to ten mph.

On none of the many pages of the transcript cited by appellant in the recitation of this enumeration of error is there any objection other than the one described above involving the relevancy of the Hall County store visits. Yet these pages include not only testimony of defendant but also of the witnesses who saw defendant at the store near the victim's residence and near the place she worked or she sometimes worked. Both the State and defendant examined these witnesses. The very fact that defendant *now* takes the position that it was a continuing objection and he did not have to object to each inci-

dent shows that he considered detrimental all evidence which could lead a jury to infer he tried to intimidate the victim before trial or get her to relent. We cannot ignore the history of their relationship and its nature at the time of the crimes after she had broken it off. The one ruling, on the relevancy objection to the cross-examination of defendant about his visiting a nearby store when he had no business in Hall County and was under bond to stay away from the victim, does not cover all the other evidence of sightings of defendant near the victim before trial. The judge need not divine what the evidence will be and assume that the defendant is objecting to all of it regardless of what it is. Defendant did not even request a continuing objection. Compare *Funderburk v. State*, 221 Ga. App. 438 (1) (471 SE2d 535) (1996); *Hudson v. State*, 163 Ga. App. 845, 847 (4) (295 SE2d 123) (1982); *Barnes v. State*, 163 Ga. App. 61 (1) (293 SE2d 717) (1982).

Appellant cannot enumerate as error the admission of evidence introduced without objection. *Salem v. State*, 228 Ga. 186, 187-188 (3) (184 SE2d 650) (1971). It is necessary to object at the time it is actually offered, or it is waived. *Curtis v. State*, 212 Ga. App. 237, 239 (4) (441 SE2d 776) (1994). Moreover, an objection different from that made below may not be claimed on appeal; appeal is limited to the ground advanced below. *Nelson v. State*, 210 Ga. App. 249 (2), 250 (435 SE2d 750) (1993); *Price v. State*, 204 Ga. App. 288 (1), 289 (419 SE2d 126) (1992); *Norman v. State*, 197 Ga. App. 333, 334 (2) (398 SE2d 395) (1990); *Horan v. Pirkle*, 197 Ga. App. 151, 153 (1) (397 SE2d 734) (1990); *Hagger v. State*, 179 Ga. App. 16 (2) (345 SE2d 118) (1986). Below, it was generally relevancy; now it is relevancy and that it put defendant's character in issue. In *Richardson v. State*, 256 Ga. 746, 747 (4) (353 SE2d 342) (1987), the court stated that the objection at trial on relevancy grounds does not preserve an argument that the defendant's character was impermissibly placed in issue.

On the merits, as quoted in the majority opinion, the rule is that "Evidence of an act by an accused, intended to obstruct justice or avoid punishment for the crime for which he or she is on trial, is admissible if the act constitutes an admission by conduct. [Cits.]" *Smith v. State*, 142 Ga. App. 1, 3-4 (4) (234 SE2d 816) (1977). " ' "Any statement or conduct of a person, indicating a consciousness of guilt, where such person is, at the time or thereafter, charged with or suspected of crime, is admissible against him upon his trial for committing it." ' [Cits.]" *Moon v. State*, 154 Ga. App. 312, 315-316 (5) (268 SE2d 366) (1980).

Intimidation of a witness, particularly the prosecuting witness, is relevant because seeking to prevent the witness from testifying against the accused is an admission by conduct of commission of the

crime. *Fugitt v. State*, 256 Ga. 292, 293-294 (1) (a) (348 SE2d 451) (1986); *Ross v. State*, 255 Ga. 1, 3 (2) (b) (334 SE2d 300) (1985); *Conner v. State*, 160 Ga. App. 202, 203 (4) (286 SE2d 441) (1981); *Payne v. State*, 152 Ga. App. 471, 473 (3) (263 SE2d 251) (1979); *Riden v. State*, 151 Ga. App. 654, 658 (1) (a) (261 SE2d 409) (1979); *Smith*, supra. A special condition of defendant's bond, as he himself admitted, was to stay away from the victim and not contact her, so as to protect her from harassment. Considering the circumstances of the volatile relationship of the defendant and the victim and the emotional condition of defendant who had wished to resume it and who now certainly did not want to risk trial and punishment, overt threats would not be the only acts relevant to the issue of intimidation. Defendant was charged with brutalizing his former girl friend, and ominous presence could be as intimidating as an outright verbal threat.

In *Fields v. State*, 260 Ga. 331, 333 (4) (393 SE2d 252) (1990), the trial court's allowance of testimony by a prosecution witness concerning a threat received from an unidentified telephone caller was held to be inadmissible hearsay and irrelevant because the State could not link it to defendant. The present objected-to evidence does not share the same defects. It was not hearsay, and it was linked to the victim by her relationship to defendant, their physical proximity particularly in the face of the prohibitions imposed on defendant's whereabouts, and the timing of the trial settings.

Whether or not defendant actually visited the locations testified to, and what his intent was on those occasions, were jury questions. Whether these actions constituted attempts to intimidate the witness depended on the weight and credit which the jury accorded this evidence, but it was not irrelevant so as to require a new trial. As in *Riden*, supra at 658 (1) (a), "[t]he trial judge properly admitted the [evidence] for the jury's consideration and determination."

2. I concur in Division 2 and, with respect to the enumeration of error addressed in Division 3, find no reversible error. Appellant therein contends that the court erred in refusing a continuance on the day of trial after material was disclosed to defendant at trial pursuant to *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963).

The conviction should be affirmed.

I am authorized to state that Judge Andrews and Judge Smith join in this dissent.

SMITH, Judge, dissenting.

I join in Judge Beasley's dissent, and also write separately to point out that footnote 1 of the majority is an incomplete account of the colloquy between the trial court and defense counsel. Based upon

that discussion, I cannot agree with the majority's assertion that "[t]he single objection, therefore, adequately preserved for review the entire line of questioning." The only evidence under discussion was Larocque's repeated visits to a convenience store near the victim's home. Defense counsel asserted that Larocque's conduct was a "similar transaction" and that he should have been given notice of the State's intent to present such evidence. The trial court's verbatim response was: "I think intimidation, evidence of intimidation of a witness is relevant. I don't think it would require notice but I will note your objection and overrule it." The trial court was merely stating the basis for its ruling, which was confined to the defense objection to the testimony regarding the visits to the convenience store. It is also apparent that defense counsel made no continuing objection to this evidence, or to any additional evidence offered to show intimidation. Counsel's only response to the judge's ruling was, "Okay."

The other, unobjected-to, evidence of intimidation was far more damaging to Larocque than the convenience store visits: Larocque admitted that he rented a car at an agency across the street from the victim's workplace in Stone Mountain, although he lived in Lawrenceville; he was also seen and recognized by a former co-worker driving along a private service road in the rear of the victim's workplace. All of this occurred in the context of a condition placed on Larocque's bond that he keep away from the victim; moreover, evidence was presented that Larocque's visits coincided with the appearances of his case on the trial calendar. As the other dissent observes, such conduct is clearly relevant to the issue of guilt or innocence. For these reasons, I respectfully dissent.

DECIDED DECEMBER 5, 1996 —
RECONSIDERATION DENIED DECEMBER 19, 1996 — ▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Chandler & Britt, Walter M. Britt, Gregory D. Jay*, for appellant.
*Lydia J. Sartain, District Attorney, Lee Darragh, Assistant District Attorney*, for appellee.