### A94A1516. HALE v. THE STATE.
(449 SE2d 520)

ANDREWS, Judge.

Harry Hale appeals from the judgment entered on his conviction for the offense of financial transaction card fraud.

The State indicted Hale for financial transaction card fraud under OCGA § 16-9-33 alleging that, with the intent to defraud a provider of services, the Comfort Inn, Hale represented, without the consent of the cardholder, that he was the holder of a Master Card issued to Christoph Zahn. In support of these allegations, the State presented testimony from a GBI agent who investigated the fraud. The agent testified that his investigation showed that a credit card issued to Christoph Zahn, who was reported missing, had been used to obtain a room at the Comfort Inn in Villa Rica. The State intro-

duced Comfort Inn records showing that one person registered for room number 131 using Zahn's name and credit card. The Comfort Inn registration card and the Master Card credit slip, both of which had been signed in Zahn's name, were introduced into evidence. The State produced a handwriting expert, who compared samples of Hale's known handwriting to the signature of Zahn's name on the Comfort Inn registration and the credit card slip charging for the room. The expert testified that, in his opinion, Zahn's name was signed by Hale.

The State also introduced the Comfort Inn telephone log for room number 131 showing the telephone numbers called from the room during the period the room was occupied in Zahn's name. In connection with the telephone records, the State produced two high school students, who testified that Hale approached them at a local shopping mall, identified himself as a Swiss diplomat named Christoph, and obtained the telephone number of one of the students for the alleged purpose of later contacting the student about attending college in Switzerland. The Comfort Inn telephone log showed that one of the numbers called from room 131 was the telephone number given by the high school student to Hale.

Finally, the State introduced testimony from the bondsman who posted Hale's bond on the present charge. After Hale's bond was posted and he was released from jail, the bondsman testified that, at Hale's request, he gave Hale a ride to Atlanta. During the ride, the bondsman testified that he asked Hale how he wound up in jail in Carroll County and that Hale responded that "he had made a foolish mistake, that he had used someone else's credit card." The bondsman further testified that Hale said the credit card he used belonged to an exchange student and that "he had met this guy and that they were traveling together sharing expenses and the guy had left in [Hale's] automobile to take pictures of the area or whatever, he hadn't come back and that he used his credit card." Hale did not testify or present any evidence in his defense.

1. In his first enumeration of error, Hale contends the evidence was not sufficient to support the conviction. He contends: (1) that there was insufficient evidence to prove he was the person who presented Zahn's credit card at the Comfort Inn; (2) that even if there was sufficient evidence he presented Zahn's credit card, the State failed to prove he did so without Zahn's permission; and (3) that there was no proof that the Comfort Inn suffered any monetary loss.

The indictment charged Hale with a type of financial transaction card fraud set forth by OCGA § 16-9-33 (a) (2) (A), in that, with the intent to defraud a provider of services, to wit: the Comfort Inn, he obtained valuable services from the Comfort Inn by representing without the consent of the cardholder, that he was the holder of a

Master Card issued in the name of Christoph Zahn. The "cardholder" in this case was Christoph Zahn, whose name appeared on the face of the card and for whose benefit the card was issued. OCGA § 16-9-30 (3).

Contrary to Hale's contention, there was ample evidence from which the jury could conclude that Hale obtained valuable services from the Comfort Inn by presenting Zahn's Master Card. Hale argues that the State failed to prove the Comfort Inn suffered a monetary loss as a result of the transaction and, therefore, the evidence was insufficient to sustain the conviction. Although there was evidence that Master Card honored the transaction and paid Comfort Inn for the charge on the room, there was no requirement under the circumstances to show that the Comfort Inn sustained a monetary loss. It was sufficient to prove that, by use of the credit card, Hale obtained valuable services from the Comfort Inn.

The gravamen of the present offense was that, in using Zahn's credit card to obtain the services, Hale did so with the intent to defraud the Comfort Inn and without Zahn's permission. These elements may be proved by circumstantial as well as direct evidence. See *Thomas v. State*, 176 Ga. App. 771, 774 (337 SE2d 344) (1985); *Harris v. State*, 166 Ga. App. 202, 203 (303 SE2d 534) (1983). The State presented evidence that Hale signed Christoph Zahn's name on the room registration card and the credit card transaction for the room and that he falsely represented himself to others as Christoph. Hale's statement to the bondsman was additional evidence that he used the credit card without Zahn's permission. The evidence was sufficient for a rational trier of fact to conclude beyond a reasonable doubt that Hale used the credit card without Zahn's permission with the intent to defraud the Comfort Inn. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Hale claims the trial court erroneously admitted, over his objection, hearsay testimony given by the GBI agent showing that Zahn could not be located and, therefore, could not be produced to testify in the case.

The agent testified that he could not locate Zahn; that during his investigation he discovered that Zahn had been reported missing to the Atlanta Police Department, and that the last known contact from Zahn was with his travel agent a few days before the present incident. The agent's testimony that he could not locate Zahn was derived from the agent's personal knowledge and was not hearsay. Even if the remaining statements as to Zahn's whereabouts were not derived from the agent's personal knowledge, we conclude this testimony was not hearsay but admissible as original evidence under OCGA § 24-3-2.

When the conduct and motives of an officer are relevant to issues on trial, then "conversations, letters and replies, and similar evidence

known to the [officer] are admissible [under OCGA § 24-3-2] to explain the [officer's] conduct. [Cits.]" *Momon v. State*, 249 Ga. 865, 867 (294 SE2d 482) (1982); see *Teague v. State*, 252 Ga. 534 (314 SE2d 910) (1984). In this case, the conduct of the agent in attempting to locate Zahn was relevant to explain the absence of any testimony from Zahn on the critical issue of whether or not he gave Hale permission to use his credit card. Under these circumstances, the agent's efforts to locate Zahn needed to be explained. "Otherwise a jury may be unable to assess the evidence fairly and may find police behavior so inexplicable, highhanded, or even illegal, as to cast unwarranted doubt on the prosecution." *Ross v. State*, 210 Ga. App. 455, 456 (436 SE2d 496) (1993). There was no error in admitting the testimony.

3. Lastly, Hale contends the trial court erred by denying his motion for a mistrial on the basis that the State impermissibly placed his character into evidence by implying that Hale may have murdered Zahn.

In response to a question from the prosecutor as to what effort had been made to locate Zahn, the GBI agent responded that: "There have been tremendous efforts launched to locate Christoph Zahn or the body." Although defense counsel objected without giving any basis for the objection, the character issue was preserved for appellate review by the trial court's denial of Hale's pre-trial motion in limine. *Harley-Davidson Motor Co. v. Daniel*, 244 Ga. 284 (260 SE2d 20) (1979). Without specifically ruling on the objection, the trial court reprimanded the witness for implying that Zahn may be dead and stated in the presence of the jury that there was no evidence as to what may have happened to Zahn and that the only relevant matter before the jury was the current charge. Defense counsel moved for mistrial on the basis that the curative instructions were not sufficient. The trial court denied the motion and further instructed the jury to disregard the agent's comment with respect to efforts to locate Zahn's body. Defense counsel renewed the motion for mistrial and the trial court denied the renewed motion.

Assuming arguendo that the agent's response placed Hale's character into issue, and that the trial court tacitly considered the objection and motion for mistrial on the basis that Hale's character was implicated, the instructions given to the jury were an adequate corrective measure and the trial court did not abuse its discretion in denying the motion for a mistrial. *Stanley v. State*, 250 Ga. 3, 4 (295 SE2d 315) (1982).

*Judgment affirmed. Beasley, P. J., and Johnson, J., concur.*

DECIDED OCTOBER 5, 1994 —
RECONSIDERATION DENIED OCTOBER 20, 1994 — 

*Word & Flinn, Gerald P. Word, Candace E. Rader,* for appellant.
*Peter J. Skandalakis, District Attorney, Lynda S. Engel, Assistant District Attorney,* for appellee.