## A97A1749. MORGAN v. THE STATE.
(496 SE2d 924)

SMITH, Judge.

Azeal Morgan was indicted by a Mitchell County grand jury for the offenses of possession of cocaine with intent to distribute, OCGA § 16-13-30 (b), and operating a vehicle without a driver's license, OCGA § 40-5-20. A jury found Morgan guilty on both counts, and he appeals from the judgment of conviction and sentence on the possession of cocaine with intent to distribute.[1] We affirm.

1. Morgan asserts the general grounds. Construed in favor of the jury's verdict, the evidence shows that Morgan and a passenger were driving in the city of Camilla when Morgan failed to stop at an intersection, nearly causing a collision with a police car. The officers performed a traffic stop and then arrested Morgan for failure to have a driver's license. While searching Morgan incident to his arrest, one of the officers discovered a single-edge razor blade in his pocket. After Morgan was placed under arrest, the same officer approached Morgan's vehicle and asked the female passenger to get out of the vehicle so that the other officer could question her. As she got out, she placed a soft drink container and a bag of potato chips on the driver's seat. After the passenger was questioned, one of the officers shined his flashlight into the driver's seat and saw a brown pill bottle inside the potato chip bag. The passenger testified at trial that Morgan handed her the bottle as the police stopped their vehicle and asked her to hold it. The bottle contained 17 small off-white chunks of material; a forensic chemist testified that the material was cocaine weighing a total of 2.1 grams.

Morgan suggests that his passenger's testimony that he handed her the bottle of cocaine was impeached on cross-examination and by the testimony of the police officers. But after the jury's verdict of guilty Morgan can no longer rely on the presumption of innocence, and this court cannot re-weigh evidence or judge the witnesses' credibility. We must construe the evidence to uphold the verdict and determine only whether the evidence was sufficient to enable any rational trier of fact to find Morgan guilty of the crime charged beyond a reasonable doubt. *Clark v. State*, 197 Ga. App. 318, 320 (1) (398 SE2d 377) (1990). The evidence was clearly sufficient to prove beyond a

---

[1] Morgan did not appeal his conviction for driving without a license.

reasonable doubt that Morgan possessed the cocaine found in the vial.

Mere possession of cocaine, however, will not support a conviction for possession with intent to distribute. *Wright v. State*, 154 Ga. App. 400, 401-402 (268 SE2d 378) (1980). "We have considered various kinds of additional evidence as proof of intent to distribute, including drug measuring and weighing paraphernalia, the packaging of the contraband, possession of certain amounts or denominations of currency, a prior possession with intent to distribute conviction, and expert testimony that the amount of contraband possessed was consistent with larger amounts usually held for sale rather than for personal use." (Citations and punctuation omitted.) *McNair v. State*, 226 Ga. App. 516, 517 (487 SE2d 100) (1997).

While it is correct that mere possession will not support a conviction for possession with intent to distribute, the evidence in this case supports the conviction. First, the arresting officer testified that he found a "straight type razor blade" in Morgan's shirt pocket, and without objection, he further testified that based on his years of experience, training in drug interdiction, and schools he had attended, such razor blades are "used to cut crack cocaine up into pieces to be sold." Second, the officer also testified without objection that the circumstances of Morgan's possession showed an intent to distribute, because the number of "rocks" in the vial was greater than that generally possessed for personal use. See generally *Davis v. State*, 200 Ga. App. 44, 45 (2) (406 SE2d 555) (1991).

Although the officer was never formally tendered as an expert, the prosecutor laid the foundation for his expert testimony by eliciting testimony regarding the officer's certification and training in drug interdiction, his "experience working narcotics" and his attendance of "schools" on drug paraphernalia and practices. Moreover, "the defense never objected to the opinions the officer gave based on his experience as a narcotics investigator. This evidence allowed the jury to find [Morgan] possessed the [cocaine] with intent to distribute and exclude the theory that [Morgan] possessed the drug only for his personal use." (Citations and punctuation omitted.) *Maddox v. State*, 227 Ga. App. 602, 603 (1) (490 SE2d 174) (1997). See also *Bacon v. State*, 225 Ga. App. 326 (483 SE2d 894) (1997); *Lindley v. State*, 225 Ga. App. 338, 340-341 (484 SE2d 33) (1997). Compare *McNair v. State*, supra (officer not qualified as expert and prosecutor elicited no background information from which jury could infer expertise).

2. Morgan also contends the trial court erred in denying his motion in limine. Morgan's motion was limited to the use of the term "residue" in describing the condition of the razor blade taken from his pocket; he contended that the use of this word "would imply that the razor blade had something to do with cocaine." The trial court denied

the motion, observing that the condition of the razor blade was part of the circumstances of Morgan's arrest. At trial, one witness testified, "I often get these razor blades with residue on them. They are used to cut up pieces of crack cocaine." Before that response was elicited, Morgan objected only on the ground that the witness, a forensic chemist, was not qualified to give expert opinion testimony as to the use of the razor blade.[2] Although Morgan objected only on the basis of the witness's qualifications, a contemporaneous objection was not required to preserve the issues raised in Morgan's motion in limine after the motion was denied. *Hale v. State*, 214 Ga. App. 899, 902 (3) (449 SE2d 520) (1994).

The trial court was correct, however, in its observation that the razor blade itself was found in Morgan's pocket upon his arrest and thus constituted part of the circumstances of the arrest. "Articles found in the control of the defendant at the time or near the time of arrest are admissible as circumstances connected with the arrest of the defendant. Surrounding circumstances constituting part of the res gestae may always be shown to the jury along with the principal fact, and their admissibility is within the discretion of the trial court. All circumstances surrounding an arrest are admissible for whatever value the jury desires to place on them." (Citations and punctuation omitted.) *Kirk v. State*, 210 Ga. App. 440, 443 (1) (436 SE2d 553) (1993). In *Kirk*, officers were allowed to identify a glass tube found under the defendant's car seat as a "straight shooter" used to smoke cocaine. This Court concluded that the object itself was admissible as a circumstance surrounding Kirk's arrest and that the officers' opinion as to its use was relevant as establishing a motive for the robbery with which Kirk was charged. Id. In this case, the condition of the single-edge razor blade found in Morgan's pocket is directly relevant to the crime with which he was charged. See Division 1, supra.

Moreover, the motion in limine was based on the theory that the use of the word "residue" would "imply that the razor blade had something to do with cocaine." Morgan does not enumerate as error the forensic chemist's explicit testimony that the razor blade was in fact used to cut up cocaine for distribution, and virtually identical testimony by the arresting officer was admitted without objection. It follows that the mention of the "residue" on the razor blade was merely cumulative of other testimony. *Maher v. State*, 216 Ga. App. 666, 667 (1) (455 SE2d 377) (1995).

*Judgment affirmed. Beasley, J., and Senior Appellate Judge Harold R. Banke concur.*

---

[2] But Morgan does not enumerate the issue of the witness's qualifications as error, and " '[m]atters not enumerated as error will not be considered on appeal.' " *Smith v. State*, 224 Ga. App. 819, 821 (3) (481 SE2d 896) (1997).

DECIDED FEBRUARY 16, 1998.

*Billy M. Grantham,* for appellant.

*J. Brown Moseley, District Attorney, Victoria Spear-Darrisaw, Assistant District Attorney,* for appellee.