## A98A0215. KURTZ v. THE STATE.
### (504 SE2d 51)

SMITH, Judge.

After a bench trial, Arthur Kurtz was convicted of one count of simple battery. He appeals, raising three enumerations of error.

1. Construed to support the verdict, the evidence at trial showed that Kurtz and the victim were formerly husband and wife. Pursuant to a divorce decree, they shared joint custody of their three children. On January 8, 1996, at approximately 6:30 p.m., Kurtz arrived at his ex-wife's house to pick up their son for visitation. Kurtz was allowed inside the house and waited in the foyer for his son to get his belongings. Kurtz had his son's backpack on his shoulder and his son's "boom box" in his hand.

While standing in the foyer, Kurtz began to argue with his children about the broken cord on their telephone. The children had their own private phone line, and that was the only telephone line Kurtz used to call his children. Kurtz wanted his children to fix the broken cord because he had been disconnected when he tried to talk with them earlier in the week. Kurtz became more and more upset about the broken telephone cord and began yelling.

Eventually, Kurtz's ex-wife entered the foyer area and joined in the argument about the telephone line. After the yelling continued for a few more minutes, she asked Kurtz to leave her home. She repeated her request several more times. When Kurtz continued to ignore her, she touched Kurtz on the arm, attempting to get his attention. About four or five minutes later, Kurtz swung the boom box at her, hitting her in the chin and causing a red mark and subsequent bruising.

Kurtz testified at trial. He admitted that he was discussing the

broken telephone cord with his children but denied yelling at them. He also denied intentionally hitting his ex-wife with the boom box. He claimed the boom box accidentally hit the victim's chin while he tried to regain his balance after she "lunged" at him and "pushed" him toward the door.

All three children testified, corroborating portions of the victim's testimony. While the children disagreed about minor details, testimony was presented that Kurtz was very upset about the broken telephone cord and was yelling at them and their mother; that their mother asked Kurtz to leave the house several times; that their mother touched Kurtz on the arm; and that several minutes later Kurtz swung the boom box at her. The child who was present during the entire incident testified that her father did not lose his balance or slip before hitting her mother.

Our review of the transcript satisfies us that any rational trier of fact reasonably could have found from the evidence presented at trial proof of the essential elements of simple battery beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See also *Hardy v. State*, 159 Ga. App. 854, 860 (285 SE2d 547) (1981).

2. Kurtz contends the trial court erred by impermissibly restricting the cross-examination of his ex-wife.

Kurtz's counsel attempted to cross-examine Kurtz's ex-wife about various incidents relating to her marriage to and divorce from Kurtz, including previous child custody disputes, her hospitalization for psychiatric problems, and an attempt she allegedly made to kill her son. Contrary to Kurtz's assertions, we find the trial court gave Kurtz a great deal of latitude in his attempt to present background information showing the extent of the animosity between Kurtz and his ex-wife and the problems this family experienced after the divorce. Although the transcript shows that the trial court sustained one of the State's objections to defense counsel's questions pertaining to the victim's alleged attempt to kill her son, testimony about this incident was later allowed into evidence during cross-examination of one of the children.

Kurtz has made no showing of any other incidents he wished to bring out but could not, or of how he was harmed by the trial court's rulings limiting further cross-examination of his ex-wife. Because Kurtz has failed to demonstrate both error and harm, this enumeration is without merit. *Nichols v. State*, 221 Ga. App. 600, 602-603 (4) (473 SE2d 491) (1996).

3. During defense counsel's cross-examination of one of the children, the child began to cry and had to be excused from the courtroom. The trial judge then chastised both Kurtz and his ex-wife for involving their children in their legal battles. Immediately after

making this comment, the trial court stated that she still felt she could make a decision on the facts of the case. Kurtz alleges as error the trial court's failure to recuse herself after she displayed prejudice, bias, and partiality.

Although we certainly do not agree with Kurtz's contention that the trial court displayed any partiality or bias, we cannot reach the merits of his contention because Kurtz failed to make a motion to recuse the trial court at trial. He therefore has failed to preserve this issue for appellate review. *Glean v. State*, 268 Ga. 260, 264-265 (2) (e) (486 SE2d 172) (1997).[1]

*Judgment affirmed. Johnson, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JULY 1, 1998.

*Rubin, Winter, Rapoport & Hall, Joseph M. Winter, Amanda S. Trigg,* for appellant.

*Barry E. Morgan, Solicitor,* for appellee.

---

[1] We note, however, that several recent cases may have misapplied the law with regard to the grounds for disqualification. See, e.g., *Bevil v. State*, 220 Ga. App. 1, 2-3 (6) (467 SE2d 586) (1996); *Johnson v. State*, 208 Ga. App. 453, 454 (2) (430 SE2d 821) (1993); *Brannen v. Prince*, 204 Ga. App. 866, 868 (3) (421 SE2d 76) (1992); *Mapp v. State*, 204 Ga. App. 647, 649 (4) (420 SE2d 615) (1992). In a future appeal, when the issue of the denial of a recusal motion is properly before this Court, these cases should be re-examined to determine if they did in fact misapply the law and therefore should be overruled or disapproved. Since the adoption of the Code of Judicial Conduct by the Supreme Court in 1974, Canon 3C of that Code has provided "a broader rule of disqualification" than that provided in OCGA § 15-1-8. *Stephens v. Stephens*, 249 Ga. 700, 701 (2) (292 SE2d 689) (1982). When considering the issue of disqualification, both OCGA § 15-1-8 and Canon 3C should be considered and applied. See generally *Hornsby v. Campbell*, 267 Ga. 511, 514 (2) (480 SE2d 189) (1997).