## A98A1473. HALL v. THE STATE.
(508 SE2d 703)

SMITH, Judge.

Santonio R. Hall was indicted by a Clarke County grand jury for malice murder and felony murder in the killing of one victim and aggravated assault in the wounding of another. The jury found Hall guilty of felony murder, aggravated assault, and voluntary manslaughter as a lesser included offense of malice murder. The trial court merged the felony murder conviction into the voluntary manslaughter conviction. Hall's motion for new trial as amended was denied, and he appeals, asserting six enumerations of error. Finding no harmful error, we affirm.

1. Hall asserts the general grounds. Construed to support the jury's verdict, the evidence shows that Hall was standing on the street in a housing project in Athens when the occupants of a Cadillac drove slowly through the neighborhood and one of them fired a gun into the air. While other bystanders retreated inside the home of an individual known as "Shaky", Hall left the scene to retrieve his .357 magnum revolver and returned. A bystander identified the occupants of the car, and Hall said, "Well, when the Cadillac come [sic] back around . . . I'm going to bust a cap." A witness who overheard this conversation was sitting on Shaky's porch when the Cadillac returned a short time later. Hall was nearby. As the Cadillac drove up the street the witness heard a very loud gunshot, so loud that he believed his eardrum ruptured. He fled down the alley adjoining Shaky's house and encountered Hall, who said, "I didn't do anything." A bullet passed through the right rear window of the Cadillac and through one victim's head, killing him, and struck the surviving victim in the head before lodging in the headliner of the car above the driver's door.

Hall gave a videotaped statement to police, which was played for the jury. In the statement, he admitted he fired one shot into the car, explaining that he saw somebody in the back seat with a gun and believed this person was going to shoot him. At trial, Hall testified to death threats he had received from several individuals he believed were occupants of the car. While he acknowledged that he shot into the Cadillac, he claimed that he acted in self-defense when an occupant of the car reached out of the right rear window with a gun. The State, however, presented evidence that all the windows in the car were closed at the time of the incident.

"[A] person is justified in using force which is intended or likely to cause death or great bodily harm only if he reasonably believes that such force is necessary to prevent death or great bodily injury to himself or a third person or to prevent the commission of a forcible felony." OCGA § 16-3-21 (a). "When a defendant presents evidence

that he was justified in using deadly force, the burden is on the State to disprove the defense beyond a reasonable. doubt. [Cit.]" *Andrews v. State*, 267 Ga. 473, 474 (1) (480 SE2d 29) (1997). Whether the circumstances justified deadly force is a question for the jury. *Anderson v. State*, 245 Ga. 619, 623 (1) (266 SE2d 221) (1980).

In reviewing the jury's verdict, we construe the evidence in the light most favorable to the verdict. We do not weigh the evidence or determine witness credibility, but only consider sufficiency of the evidence under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Conflicts in the testimony of the witnesses are matters of credibility for resolution by the jury. "As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld." (Citations and punctuation omitted.) *Howard v. State*, 227 Ga. App. 5, 8 (6) (a) (488 SE2d 489) (1997).

A person commits voluntary manslaughter when he kills another person, under circumstances which would otherwise be murder, and "he acts solely as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person." OCGA § 16-5-2 (a).

Based on the evidence, the jury could have concluded that although the occupants of the Cadillac initially fired a pistol into the air in Hall's presence, Hall left the scene to obtain a firearm, returned, and stated his intention to shoot at the car after the occupants were identified to him. The jury was authorized to reject Hall's testimony that an occupant of the car reached out a window with a gun in view of the countervailing testimony that the windows of the car were closed. On the evidence before it, the jury reasonably could have concluded that Hall was provoked and acted out of an irresistible sudden passion or anger in killing the victim, but that, at the time, it was not necessary for him to do so in order to protect himself. Accordingly, the evidence was sufficient to support the jury's guilty verdict on the lesser included offense of voluntary manslaughter. *Young v. State*, 229 Ga. App. 497, 499-500 (494 SE2d 226) (1997).

2. Hall next alleges as error the trial judge's failure to recuse himself from the case. Hall's basis for this contention is the trial judge's attendance at the same church attended by the families of both Hall and one of the victims. The trial judge disclosed to the parties at the bond hearing that he knew the families of the victim and Hall and attended church with them.[1] Despite this disclosure, Hall never moved for recusal. Because of his failure to seek recusal at

---

[1] In doing so the trial court followed the procedure recommended in the commentary to the Code of Judicial Conduct, Canon 3E, Disqualification (1). The official commentary states: "Judges should disclose on the record information that the court believes the parties

trial, Hall has failed to preserve this issue for appellate review and we cannot reach the merits of his contention. *Glean v. State*, 268 Ga. 260, 264-265 (2) (e) (486 SE2d 172) (1997). See generally *Kurtz v. State*, 233 Ga. App. 186, 188, n. 1 (504 SE2d 51) (1998).

3. Hall next complains the trial court erred in admitting testimony, noted above, that a witness overheard a conversation between Hall and a bystander, in which the bystander identified the occupants of the car, and Hall said, "Well, when the Cadillac come back around . . . I'm going to bust a cap." Hall contends this testimony was barred by the Supreme Court's recent decision in *Jarrett v. State*, 265 Ga. 28-29 (1) (453 SE2d 461) (1995), which limited testimony regarding an absent third party's statements based on the acquiescence or silence of the accused. Id. at 29 (1). But that decision is wholly inapplicable here. Hall was not acquiescent or silent in the face of the third party's statement; he responded with a statement indicating his intention to harm the occupants of the car. Hall's statement is "admissible as an admission by defendant against his penal interest. [Cits.]" *Howard v. State*, 227 Ga. App. 5, 7 (2) (488 SE2d 489) (1997). Moreover, the third party here was *not* absent. The bystander appeared at trial and testified on Hall's behalf, denying both the statement attributed to him by the other witness and earlier statements given by him to prosecutors.

4. Hall contends the trial court erred in refusing to instruct the jury in accordance with his requests to charge and in giving other requests to charge over his objection. He asserts at least four separate instances of alleged error in a single enumeration, in violation of OCGA § 5-6-40. "When, as here, an appellant asserts more than one error within a single enumeration, this court in its discretion may elect to review none, or one or more, of the errors asserted within the single enumeration." (Citations and punctuation omitted.) *Toledo v. State*, 216 Ga. App. 480, 482 (4) (455 SE2d 595) (1995). We elect to review Hall's first assertion, that the trial court should have instructed the jury on reckless conduct as a lesser included offense of aggravated assault.

Hall's contention is without merit because the record contains no evidence of reckless conduct. It is undisputed that Hall deliberately fired the pistol at the occupants of the car; he contended at trial that he was justified in doing so and acted in self-defense. "An essential element of the offense of reckless conduct is criminal negligence. In the case sub judice, there is no evidence that defendant was negligent when he pointed a [pistol] at the victim. On the contrary,

---

or their lawyers might consider relevant to the question of disqualification, even if they believe there is no legal basis for disqualification."

defendant admits he deliberately pointed the weapon at the victim. Under these circumstances, defendant was guilty of aggravated assault or was not guilty of any crime. Accordingly, it was not error to refuse to give the requested charge on reckless conduct as a lesser included offense." (Citations and punctuation omitted.) *Perryman v. State*, 208 Ga. App. 754, 756 (3) (431 SE2d 742) (1993).

5. Hall also contends that his convictions on the voluntary manslaughter of one victim and the aggravated assault of the other merged as a matter of fact under OCGA § 16-1-7 (a) because only one shot was fired, striking both victims. But "the legislature did not intend one crime to be included within another if each crime affected a different person." *Harshaw v. State*, 134 Ga. App. 581, 582 (215 SE2d 337) (1975). "[W]here a defendant is charged with murder of one person and aggravated assault upon another person, the aggravated assault does not merge into the felony murder; i.e., the verdicts of guilty of felony murder as to one person and aggravated assault as to another person will be upheld. [Cit.]" *Adams v. State*, 255 Ga. 356, 359 (5) (338 SE2d 860) (1986).

6. Finally, Hall contends the trial court erred in allowing the State to impeach a defense witness with a first offender sentence. At the time of trial, such impeachment clearly was permitted. *Favors v. State*, 234 Ga. 80, 86 (3) (214 SE2d 645) (1975). But in the recent decision of *Matthews v. State*, 268 Ga. 798, 801-803 (4) (493 SE2d 136) (1997), the Supreme Court of Georgia held that a witness may not be impeached by evidence of a first offender sentence in the absence of an adjudication of guilt. "[T]he first offender record of one who is currently serving a first offender sentence or of one who has successfully completed the first offender sentence may not be used to impeach the first offender on general credibility grounds (i.e., by establishing that the first offender has been convicted of a felony or crime of moral turpitude) because no adjudication of guilt has been entered. [Cits.]" *Davis v. State*, 269 Ga. 276, 277 (2) (496 SE2d 699) (1998). Although the use of the first offender record for impeachment purposes may have been correct under *Favors* at the time the trial court ruled, that ruling has been rendered erroneous by the Supreme Court's subsequent decision in *Matthews*. *Buffington v. State*, 228 Ga. App. 810, 812 (492 SE2d 762) (1997).

But that does not end our inquiry. "While the trial court's ruling in this regard was erroneous, it is fundamental that harm as well as error must be shown for reversal. [Cit.]" *Matthews*, supra at 803 (4). The error here was harmless, for two reasons.

First, as in *Matthews*, the impeached witness was not an eyewitness to the crime itself, although he was a passenger in the Cadillac and observed the aftermath. While the witness here, in response to leading questions from Hall's counsel, agreed that certain individu-

als had threatened Hall and that they sometimes drove a Cadillac, he did not see Hall at the scene of the shooting and did not offer any testimony concerning Hall's actions or state of mind at that time. Moreover, this witness's testimony was merely cumulative of that given by other, unimpeached witnesses, including another occupant of the car, and therefore provides no grounds for reversal. See *Morgan v. State*, 230 Ga. App. 608, 610 (496 SE2d 924) (1998).

Second, Hall acknowledged that he intentionally fired a pistol into the car and gave conflicting testimony regarding his reasons for doing so. Testimony was also presented that the occupants were identified to Hall as persons other than the individuals who allegedly threatened him, but he nevertheless expressed his intention to fire on the car and did so. "Given this overwhelming evidence against [Hall], it is highly probable that the error in allowing impeachment of his witness did not contribute to the jury's verdict of guilt. [Cit.]" *Matthews*, supra at 803 (4).

*Judgment affirmed. Johnson, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED OCTOBER 30, 1998.

*Thurmond, Mathis & Patrick, David T. Wooten*, for appellant.
*Harry N. Gordon, District Attorney, William W. Tanner, Assistant District Attorney*, for appellee.