## A00A2322. CARNELL v. THE STATE.
### (541 SE2d 118)

ELDRIDGE, Judge.

A Gordon County jury convicted defendant Billy H. Carnell of four counts of homicide by vehicle (OCGA § 40-6-393) and two counts of driving under the influence (OCGA § 40-6-391). The superior court thereafter sentenced the defendant consecutively to 32 years confinement to serve. Defendant now appeals the superior court's denial of his motion for new trial, contending (1) that the evidence is insufficient to support his convictions, and (2) that the superior court erred in denying his motion for continuance for its failure to allow him time sufficient to retain an independent expert to examine blood samples he had given, having granted his motion for funds to do so in camera before trial.

1. Viewed in the light most favorable to the jury's verdict, the evidence shows that at or about 7:30 p.m., on December 14, 1998, the defendant was driving his 18-wheel tractor-trailer eastbound on Georgia Highway 53 at 40-50 mph outside Fairmount in Gordon County. Defendant's truck crossed the centerline into the westbound lane of the two-lane highway and collided with a westbound automobile head-on. The driver of the westbound vehicle and his wife were crushed to death in the collision, the cab of the truck coming to rest over the top of the victims' car.

No witness to the collision testified at trial. However, Trooper First Class Gary Gallant, an accident reconstruction expert who visited the scene approximately an hour after the incident occurred, opined that the tire marks left on the shoulder of the road indicated that defendant's truck left the roadway without braking, hit the guardrail, resulting in "steering input" to the left. Trooper Gallant further opined that all the physical evidence on the scene showed that the truck then crossed the centerline of the roadway into the victims' lane where impact occurred, driving the victims' vehicle back 257 feet.

Other evidence admitted at trial showed that defendant had been drinking before the collision occurred. A sample of defendant's blood drawn on the scene at 8:00 p.m. tested at 0.23 blood-alcohol content ("BAC"). When tested at the hospital two hours later, defendant's BAC was 0.19. Two whiskey bottles, one empty, one full, were found a short distance from where defendant sat in the driver's seat of the truck. Although these were found in dew laden grass, each was in a dry paper bag. Although it was conflicting,[1] there also was evi-

---

[1] One of two emergency medical technicians testified she smelled alcohol on defendant's person at the scene of the collision. The other testified that he had not smelled alcohol on defendant.

dence indicating that the defendant smelled of alcohol at the scene of the accident and immediately thereafter at the hospital. In custodial statements admitted at trial, the defendant took the position that he had not been drinking on the day of the collision and that his victims had driven head-on into his vehicle after leaving their traffic lane and entering his.

Notwithstanding defendant's denials and conflicting testimony otherwise of record, the weight of such evidence was for the jury to determine. "[A]n appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient" for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. *Grier v. State*, 218 Ga. App. 637, 638 (463 SE2d 130) (1995). "As long as there is some [competent] evidence, even though contradicted, to support each fact necessary to make out the [S]tate's case, the jury's verdict will be upheld. [Cit.]" *Searcy v. State*, 236 Ga. 789, 790 (225 SE2d 311) (1976). The jury could here reasonably find the defendant guilty beyond a reasonable doubt of the offenses charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Scott v. State*, 230 Ga. App. 522, 524-525 (1) (496 SE2d 494) (1998).

2. The superior court did not err in denying defendant's motion for a continuance grounded upon his claim that the court had authorized him funds for independent testing of his blood samples but had not allowed him adequate time to hire an independent expert for such purpose. Our review of the record on appeal shows the contrary — that is, the superior court impliedly denied defendant's motion, ruling only that it would grant his motion for funds to hire an independent expert upon a showing of an appropriate "plan" for the examination of critical evidence. *Brown v. State*, 242 Ga. App. 106, 108 (528 SE2d 868) (2000) (indigent criminal defendant's motion for funds should state why evidence sought for examination is critical, state what testimony is necessary, state what the expert proposes to do with the evidence, and give a costs estimate). Inasmuch as trial counsel did not support his motion by setting forth an appropriate plan for the examination of the evidence, the superior court properly denied defendant's motion. As a consequence, the superior court did not abuse its discretion in denying defendant's motion for continuance. Id. "A refusal to grant a continuance should not be disturbed by an appellate court unless it clearly appears that the judge abused his discretion. [Cit.]" *Garvey v. State*, 176 Ga. App. 268, 272 (3) (335 SE2d 640) (1985).

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED OCTOBER 24, 2000.

*Coppedge & Leman, Jesse L. Vaughn,* for appellant.
*T. Joseph Campbell, District Attorney,* for appellee.