## A01A1065. WAY v. THE STATE.
(555 SE2d 230)

BLACKBURN, Chief Judge.

Dale Way was convicted by a jury of speeding, driving under the influence to the extent he was a less safe driver, and possession of cocaine with the intent to distribute. Way appeals only his conviction for possession of cocaine with the intent to distribute. He contends that (1) the evidence was insufficient to support the conviction and (2) the trial court erred by refusing to allow him to argue first and last during closing arguments. For the following reasons, we affirm.

1. Way argues that the evidence was insufficient to support his conviction for possession of cocaine with the intent to distribute. We disagree.

> On appeal the evidence must be viewed in the light most favorable to support the verdict, and [Way] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*Ryals v. State;*[1] *Jackson v. Virginia.*[2]

---

[1] *Ryals v. State*, 238 Ga. App. 578 (519 SE2d 505) (1999).

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the evidence shows that on April 4, 1998, Deputy Jason Wilkes stopped Way and charged him with speeding. During the investigatory stop, Deputy Wilkes determined that Way had been driving under the influence and so charged him. Incident to the arrest, Deputy Wilkes searched Way and discovered a crumpled dollar bill in his pocket containing several off-white rocks, which were later determined to be 1.6 grams of crack cocaine. In addition, Deputy Wilkes found $937 in currency on Way, including 17 $20 bills.

Way was given his *Miranda* warning and taken into custody, where he gave a statement denying his guilt. Thereafter, Way voluntarily remarked to Georgia Bureau of Investigation (GBI) Agent Tracy Sands that "he could do the big man in Glenville" if Agent Sands could make the charges disappear. Way then moved to suppress this testimony. Following a *Jackson-Denno* hearing, the trial court determined that Way made his custodial statements voluntarily after he waived his rights.

Way argues only that the evidence was insufficient to support a finding that he intended to distribute the cocaine and that the most it showed was mere possession. "Mere possession of cocaine . . . will not support a conviction for possession with intent to distribute." *Morgan v. State*.[3] Intent to distribute may be shown in numerous ways; expert testimony that the amount of contraband possessed was inconsistent with personal use, the possession of certain amounts or denominations of currency, and a prior conviction for possession with intent to distribute are facts which may support such intent. See *Bethea v. State*.[4]

Here, Deputy Wilkes seized 1.6 grams of crack cocaine from Way. Agent Sands testified that the cocaine consisted of several big chunks, each capable of being cut into two to four $20 rocks. Agent Sands also testified that, in his experience,[5] crack commonly sells on the street in $20 or $40 amounts. Thus, it was significant that Way was carrying $937 in currency, including 17 $20 bills. "[P]ossession of a large amount of currency in certain denominations, as here, may help establish an intent to distribute." *Brown v. State*.[6] Way argues on appeal that the currency was not from the sale of cocaine, but that he received it from his wife. However, the credibility of witnesses is a matter for the jury to determine. *Woodford v. State*.[7]

In addition, Way made an inculpatory statement that "he could

---

[3] *Morgan v. State*, 230 Ga. App. 608, 609 (1) (496 SE2d 924) (1998).
[4] *Bethea v. State,* 220 Ga. App. 800, 801 (1) (470 SE2d 328) (1996).
[5] Testimony at trial established that Agent Sands worked for the Tri-Circuit Drug Task Force for five years prior to becoming a GBI agent.
[6] *Brown v. State*, 243 Ga. App. 842, 843 (534 SE2d 206) (2000).
[7] *Woodford v. State*, 240 Ga. App. 875, 876 (525 SE2d 408) (1999).

do the big man in Glenville" if Agent Sands could make the charges disappear. Way's statement was voluntarily given, and the jury was free to consider it. Although Way denied making this statement at trial, the resolution of factual disputes is for the jury, which could properly infer from it that Way was involved in the distribution of cocaine. *Carnell v. State.*[8]

Finally, Way notes that the jury had reservations about finding that he intended to distribute the cocaine. After deliberating for several hours, the jury submitted the following note to the court: "On counts 2 and 3 we have reached a verdict but on count 1 we are divided. What now? We all agree he was in possession of cocaine. But not the part of 'with intent to distribute.' Help Us!!" The trial court asked the jury to continue to deliberate and explained that they could either continue to deliberate into the evening or return in the morning. The jury chose to continue with deliberations that evening and found Way guilty of possession of cocaine with the intent to distribute.

The fact that the jury experienced difficulty reaching its verdict does not undermine Way's conviction. The jury had the option of convicting Way for simple possession only, because the court instructed on this lesser included offense. Way contends that the jury "relented," implying that the jury returned its verdict out of a desire not to have to deliberate any further. Way cites no facts of record that demonstrate the trial court acted improperly. "Whether a verdict was reached as the result of coercion depends upon the totality of the circumstances." *Sears v. State.*[9] The court did not put pressure on the jurors " 'one way or the other,' " exhort the minority to abandon its views, or suggest that the majority's opinion was correct. Id. at 838. Moreover, it was within the trial court's discretion to determine whether further deliberations were in order. Id. Ultimately, each of the jurors stood by their verdict, announcing, upon being polled, that they rendered it freely and voluntarily in the jury room and that it was still their verdict.

The evidence at trial shows that Way possessed 1.6 grams of crack cocaine and $937, including 17 $20 bills. Testimony from Agent Sands revealed that crack cocaine is frequently sold in $20 and $40 amounts at the street level. In addition, Way offered to become a confidential informant for the State to "do the big man in Glenville" if the charges were dismissed. The evidence was sufficient to support Way's conviction for possession with the intent to distribute cocaine under the standard set forth in *Jackson v. Virginia.*

---

[8] *Carnell v. State,* 246 Ga. App. 542, 543 (1) (541 SE2d 118) (2000).
[9] *Sears v. State,* 270 Ga. 834, 837 (1) (514 SE2d 426) (1999).

2. Citing OCGA § 17-8-71,[10] Way contends that the trial court erred by failing to allow him, as the defendant, to argue first and last during closing arguments. "[W]here an accused offers no testimony or evidence into the trial of a case, other than his own testimony, he has the right to the opening and closing arguments." *Scott v. State*.[11] Here, the State does not contend that Way introduced evidence other than his own testimony. Instead, the State argues that Way waived the error. We agree.

"[O]bjections to irregularities must ordinarily be made at a time when they may be remedied, or they are waived." *State v. Williamson*.[12] Here, when the trial court called the State to commence closing arguments, Way made no objection. In fact, prior to initiating its closing argument, the State remarked: "I believe I have the right to open and conclude. I'll give a brief opening." Only after Way's closing, when the State was ready to present its final argument, did Way object to the order of the closing arguments. At this point, the trial court was unable to remedy the situation. Consequently, Way waived any error by failing to timely raise it. Id.

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED OCTOBER 12, 2001.

*Barbara J. Nelson*, for appellant.
*J. Thomas Durden, Jr.*, District Attorney, *D. Jay Stewart*, Assistant District Attorney, for appellee.

---

[10] OCGA § 17-8-71 provides: "After the evidence is closed on both sides, the prosecuting attorney shall open and conclude the argument to the jury. If the defendant introduces no evidence, his counsel shall open and conclude the argument to the jury after the evidence on the part of the state is closed."

[11] *Scott v. State*, 243 Ga. 233, 234 (2) (253 SE2d 698) (1979).

[12] *State v. Williamson*, 247 Ga. 685, 686 (279 SE2d 203) (1981).